In the

# United States Court of Appeals

## For the Seventh Circuit

No. 07-3420

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

RANDY J. ALEXANDER,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 05 CR 1043-1—**George W. Lindberg**, *Judge*.

ARGUED DECEMBER 17, 2008—DECIDED JANUARY 22, 2009

Before BAUER, POSNER, and MANION, *Circuit Judges*.

POSNER, *Circuit Judge*. The defendant was sentenced to 151 months in prison for bank robbery, a sentence within the guidelines range of 151 to 189 months for a career offender, which the judge correctly determined him to be. At the time sentence was imposed, Amendment 709 to the sentencing guidelines, proposed by the Sentencing Commission, was pending. Had the amendment been in effect, the defendant's guidelines range would have been only 63 to 78 months.

Under the guidelines governing the calculation of a defendant's criminal history as they existed before the amendment, a defendant's prior sentences were to be treated as a single sentence in calculating that history if they had been imposed in "related cases," and an application note explained that cases were "related" if (so far as pertains to this case) they had been "consolidated for trial or sentencing." U.S.S.C. § 4A1.2(a)(2) and Application Note 3. The defendant in our case had previously committed eight bank robberies in a short time and had been sentenced for all eight on the same day. But the charges had not been consolidated and so the judge treated them as multiple prior offenses, and that is what made the defendant a career offender. Amendment 709 changed the guideline to require counting prior sentences separately unless they were "imposed on the same day," as our defendant's prior sentences had been.

The amendment took effect only six weeks after he was sentenced. He argues that since it was pending when he was sentenced, the judge should have considered it in deciding what sentence to impose and that having failed to do so—if only because the defendant's lawyer had not drawn the amendment to the judge's attention—the judge should be required to resentence him. He acknowledges that the guidelines applicable to a resentencing are those that were in force on the date of the original sentencing. *United States v. Tanner*, 544 F.3d 793, 795 (7th Cir. 2008). But he points out that since the guidelines are only advisory, the judge might be influenced by a proposed amendment to give a sentence below the applicable guideline range.

The failure of the defendant's lawyer to have advised the judge of the pending amendment makes the argument frivolous. It would require that, in preparation for sentencing, the judge canvass all the possible sources of information or opinion or insight or advice that might influence him in deciding how severe a sentence to impose. If, after the defendant was sentenced, his lawyer discovered a source of enlightenment that the judge had somehow overlooked in his pre-sentencing research, the defendant would be entitled to be resentenced. The sentencing process would be interminable.

We would have a different case if the Sentencing Commission had, as it could have done but did not do, made the amendment retroactive. Then, unless it was apparent from the sentencing hearing that the judge would have imposed the same sentence even if the amendment had been in force, we would remand the case for the judge to decide whether to impose a different sentence in light of the new amendment. 18 U.S.C. § 3582(c)(2), *United States v. Taylor*, 520 F.3d 746, 748-49 (7th Cir. 2008); *United States v. Whiting*, 522 F.3d 845, 853 (8th Cir. 2008). Otherwise there would be no force to the commission's having made the amendment retroactive. The government argues that the judge's remarks at the hearing show that he would have imposed the same sentence, but this we need not decide.

It would likewise be a different case if Amendment 709 had merely clarified the criminal-history guideline rather than changing it. U.S.S.G. § 1B1.11; *United States v. Hartz*, 296 F.3d 595, 598 (7th Cir. 2002); *United States v.*

*Geerken*, 506 F.3d 461, 465-66 (6th Cir. 2007). The clarification might enable the sentencing judge to correct an error of interpretation induced by lack of clarity, though the guidelines authorize this use of a clarifying amendment only when the sentence is based on an edition of the guidelines that is no longer in force when the defendant is sentenced and the clarifying guideline precedes the sentence, U.S.S.G. § 1B1.11(b)(2)—here of course it followed it.

But Amendment 709 changed the guideline rather than merely clarifying it, *United States v. Wood*, 526 F.3d 82, 87-88 (3d. Cir. 2008); *United States v. Marler*, 527 F.3d 874, 877 n. 1 (9th Cir. 2008). "[I]mposed on the same day" does not clarify "consolidated for sentencing" but contradicts it, since a defendant can be—as our defendant was—sentenced on the same day for multiple crimes charged in separate cases that were not consolidated.

The defendant would have a slightly more appealing case if, as in *United States v. Godin*, 522 F.3d 133 (1st Cir. 2008) (per curiam), he had been sentenced before Amendment 709 had been proposed. For then he could at least not be criticized for having failed to draw the sentencing judge's attention to the proposal. The amendment was proposed while Godin's case was on appeal and Godin drew the court of appeals' attention to it in her petition for rehearing after the court had affirmed her sentence. The court delayed action on the petition until the proposed amendment was approved and then vacated its previous decision, and remanded for resentencing, on the ground that the Sentencing Commission's change of heart might influence the judge to give a lighter sentence.

In *Tanner* we disapproved delaying sentencing in order to give the defendant the benefit of a new amendment to the guidelines, and what the First Circuit did in *Godin* in delaying action on the petition for rehearing until the proposed amendment was approved was similar to the district judge's grant of a continuance in *Tanner*. There is enough delay in court as it is without reopening sentences on the basis of changes in the law that are not intended to be applied retroactively, and there is a strong social interest in the promptness and finality of criminal judgments.

*Godin* is an outlier; the other cases that deal with the issue hold, and the guidelines themselves state, see U.S.S.G. § 1B1.10(a), that an amendment to the guidelines that is not made retroactive by the Sentencing Commission is not a ground for reopening a sentence imposed before the amendment went into effect. *United States v. Perez*, 249 F.3d 583 (7th Cir. 2001) (per curiam); *United States v. Armstrong*, 347 F.3d 905, 907 (11th Cir. 2003); *United States v. Drath*, 89 F.3d 216, 217-18 (5th Cir. 1996); *United States v. Cueto*, 9 F.3d 1438, 1440-41 (9th Cir. 1993). *Godin* took a big step toward making Amendment 709 retroactive, thus introducing a new cause of delay in sentencing and interfering with the Sentencing Commission's prerogative of determining whether to make a particular amendment to the guidelines retroactive or just prospective. We decline to follow it. See *United States v. Tanner*, *supra*, 544 F.3d at 796-97.

AFFIRMED.