NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 25, 2009[*]
Decided March 27, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-3274

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 01 CR 206 |
| FLOYD L. SUGGS, | |
| *Defendant-Appellant.* | |
| | Matthew F. Kennelly, |
| | *Judge.* |

**O R D E R**

Floyd Suggs was convicted after a jury trial in 2001 of possession of a firearm by a felon. *See* 18 U.S.C. § 922(g). Because he already had three prior convictions for a violent felony, the district court sentenced Suggs as an armed career criminal to 188 months' imprisonment, the low end of the guidelines range. *See id.* § 924(e); U.S.S.G. § 4D1.4. In April 2008 Suggs moved under 18 U.S.C. § 3582(c)(2) for a sentence reduction based on

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

Amendment 709 to the guidelines; that amendment now instructs sentencing courts, when computing a defendant's criminal history score, to treat as a single sentence all prior sentences that were imposed on the same day, unless the underlying crimes were separated by an intervening arrest. *See* U.S.S.G. § 4A1.2(a)(2), Supp. to App. C 235 (2008) (Amendment 709); *United States v. Alexander*, 553 F.3d 591, 592 (7th Cir. 2009). Suggs had been sentenced on the same day for two separate robberies committed several months apart, and, because these sentences were used to calculate his criminal history score, Suggs asserted that Amendment 709 entitled him to a sentence reduction. The district court denied the motion, reasoning that it lacked authority to modify Suggs's sentence because Amendment 709 is not retroactive.

We review this decision only for abuse of discretion. *See United States v. Young*, 555 F.3d 611, 615 (7th Cir. 2009); *United States v. Carter*, 500 F.3d 486, 490 (6th Cir. 2007). Section 3582(c)(2) permits a district court to reduce a defendant's sentence if his guidelines range has subsequently been lowered by the Sentencing Commission and a reduction would be consistent with the Commission's policy statements. *See United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009). The applicable policy statement, U.S.S.G. § 1B1.10(a)(2)(A), provides that a district court may modify a sentence only if one of a list of enumerated retroactive amendments applies to the defendant. *See Alexander*, 553 F.3d at 593. Amendment 709 is not on that list. *See* U.S.S.G. § 1B1.10(c). And, in any event, even if Amendment 709 applied retroactively, it would have no effect on Suggs's guidelines range because he was already assigned the minimum criminal history category for an armed career criminal. *See id.* § 4B1.4(c).

Accordingly, the district court properly concluded that it lacked authority to reduce Suggs's sentence.

AFFIRMED.