NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted November 12, 2009[*]
Decided November 13, 2009

**Before**

JOHN L. COFFEY, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 09-2649

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Central District of Illinois. |
| | |
| *v.* | No. 05-30078 |
| | |
| ROBERT LEE WILSON, | Jeanne E. Scott, |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

Robert Wilson appeals from an order reducing his prison sentence under 18 U.S.C. § 3582(c)(2) but not as much as he had hoped.  Because Wilson does not point to any error by the district court, we affirm the order.

Wilson pleaded guilty in 2005 to distributing crack cocaine.  *See* 21 U.S.C. § 841(a)(1). With his criminal history category of VI and a total offense level of 29, his guidelines imprisonment range was 151 to 188 months.  The district court sentenced him to 168 months in prison.

---

[*]After examining the briefs and the records, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See*  FED. R. APP. P. 34(a)(2).

In September 2009 Wilson moved under § 3582(c)(2) for a sentence reduction based on Amendments 706 and 709 to the guidelines.  Amendment 706, which the Sentencing Commission has made retroactive, *see* U.S.S.G. § 1B1.10(c), reduced the base offense level for most drug crimes involving crack, *see* U.S.S.G. supp. to app. C, 226-31 (2007) (amendment 706); *United States v. Monroe*, 580 F.3d 552, 554 (7th Cir. 2009).  Amendment 709, which is *not* retroactive, *see* U.S.S.G. § 1B1.10(c), instructs sentencing courts, when computing a defendant's criminal history score, to treat as a single sentence all prior sentences that were imposed on the same day, unless the underlying crimes were separated by an intervening arrest, *see* U.S.S.G. supp. to app. C, 235-41 (2007) (amendment 709); *United States v. Alexander*, 553 F.3d 591, 592 (7th Cir. 2009).  Wilson did qualify for a reduction under Amendment 706.  But he also had been sentenced on the same day in state court for 11 prior convictions for driving on a revoked license, and because these driving offenses had been counted separately in calculating his criminal history score, Wilson argued that Amendment 709 entitled him to a further reduction beyond that warranted by Amendment 706.  The district court granted the motion for reduction on the basis of Amendment 706 and reduced Wilson's prison term to 144 months.  But the court denied Wilson's  motion "in all other respects" and did not give him an even lower sentence based on Amendment 709.

Wilson asserts that the district court abused its discretion by refusing to further lower his sentence based on Amendment 709, but he never explains how that amendment applies or how the district court erred.  Instead, Wilson argues for the first time that he never served any time in prison for the driving offenses and therefore they should not have counted *at all* toward his criminal history.  But Wilson received a six-month jail term for each conviction (with each term running concurrently and all but 62 days suspended), so this contention would have been frivolous even on direct appeal.  *See* U.S.S.G. § 4A1.2(c)(1); *United States v. Morgan*, 354 F.3d 621, 623 (7th Cir. 2003).  His contention, moreover, has nothing to do with Amendment 709 or § 3582(c)(2).  *See United States v. Lawrence*, 535 F.3d 631, 637 (7th Cir. 2008).  In any event, as we have noted, Amendment 709 was not made retroactive by the Sentencing Commission, and thus the district court was correct that the amendment could not supply the basis for a further reduction under § 3582(c)(2).  *See* U.S.S.G. § 1B1.10(a)(2)(A), (c); *Alexander*, 553 F.3d at 593.

AFFIRMED.