**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted September 30, 2009[*]
Decided November 13, 2009

**Before**

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 09-2023

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:99 CR 497 |
| PAUL KELLY, | |
| *Defendant-Appellant*. | Amy J. St. Eve, *Judge*. |

## O R D E R

Paul Kelly organized a drug conspiracy to smuggle heroin and cocaine into the United States using young women and babies as his drug mules. Kelly arranged at least seven trips to Panama in late 1998 and early 1999 to obtain the drugs. U.S. Customs stopped

---

[*] This successive appeal has been submitted to the original panel pursuant to Internal Operating Procedure 6(b). The panel has concluded that oral argument is unnecessary.  See Fed. R. App. P. 34(a); Cir. R. 34(f).

one of Kelly's couriers in May 1999, discovered the drugs, and through her cooperation arrested Kelly. After his first plea was declared null and void, see *United States v. Kelly,* 337 F.3d 897 (7th Cir. 2003), Kelly pleaded guilty a second time to conspiracy to import cocaine and heroin into the United States in violation of 21 U.S.C. § 963 and was sentenced to 192 months in prison.

Five years later, Amendment 709 to the United States Sentencing Guidelines changed the rule under which courts determine whether prior sentences are counted separately for the purpose of calculating criminal history. U.S.S.G. § 4A1.2(a)(2), Supp. to App. C 235 (2008) (Amendment 709). Under the old rule, prior offenses were counted as a single sentence if they were consolidated for sentencing; under the new rule, prior offenses are counted as a single sentence if the sentence was imposed on the same day. See *United States v. Alexander,* 553 F.3d 591, 591-92 (7th Cir. 2009). Under either rule, offenses are counted separately if there is an intervening arrest. U.S.S.G. § 4A1.2(a)(2).

On July 10, 2008, Kelly moved to have his sentence reduced pursuant to 18 U.S.C. § 3582(c)(2), invoking Amendment 709. Kelly asks the district court to modify his sentence because he was sentenced on the same day for two of the offenses that contributed to his category VI criminal history. He asserts that Amendment 709 gives him a right to have the two offenses counted as one. The district court denied the motion on April 6, 2009.

Section 3582(c)(2) permits a district court to reduce a defendant's sentence if his sentence was based on a guidelines range that has subsequently been lowered and the reduction would be consistent with the Sentencing Commission's policy statements. See *United States v. Forman,* 553 F.3d 585, 588 (7th Cir. 2009). But, as U.S.S.G. § 1B1.10(a)(2)(A) makes clear, a district court may modify a sentence only if the amendment is expressly made retroactive. Because Amendment 709 was not made retroactive by the Sentencing Commission and does not clarify the guideline, it is not a basis for reduction under § 3582(c)(2). See *Alexander,* 553 F.3d at 592-93. And, in any event, even if Amendment 709 applied retroactively, it would not help Kelly because his two offenses were separated by an intervening arrest. See U.S.S.G. § 4A1.2(a)(2).

Kelly also argues that under *United States v. Booker,* 543 U.S. 220 (2005), the district court cannot treat the Guidelines as mandatory for the purpose of § 3582(c)(2). This court foreclosed that argument in *United States v. Cunningham,* 554 F.3d 703 (7th Cir. 2009), *cert. denied,* 129 S.Ct. 2826 (2009). We see no reason to reopen it here.

Because the district court properly concluded that it lacked authority to reduce Kelly's sentence, we AFFIRM its judgment.