**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Kenneth A. LEE, Defendant–Appellant.**

No. 09–3355.

United States Court of Appeals, Seventh Circuit.

Submitted March 17, 2010.*

Decided March 18, 2010.

Rehearing Denied April 7, 2010.

Kenneth A. Lee, Pekin, IL, pro se.

Before RICHARD A. POSNER, Circuit Judge, DANIEL A. MANION, Circuit Judge and DAVID F. HAMILTON, Circuit Judge.

### ORDER

Kenneth Lee appeals from the denial of his motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence based on Amendment 709 to the Sentencing Guidelines. We affirm.

Lee was convicted after a jury trial in 2003 of possessing more than five grams of cocaine base with intent to distribute, *see* 21 U.S.C. § 841(a)(1). Because he already had more than one prior conviction for a violent felony, the district court sentenced him as a career offender to 262 months' imprisonment. We affirmed his conviction and sentence. *United States v. Lee*, 413 F.3d 622, 628 (7th Cir.2005); *United States v. Lee*, 170 Fed.Appx. 425, 426 (7th Cir. 2006). He then moved unsuccessfully under § 3582(c)(2) to modify his sentence based on Amendment 706 to the Guidelines; we affirmed the denial of that motion. *United States v. Lee*, No. 08–2508 (7th Cir. Feb.2, 2009) (unpublished order).

In August 2009 Lee moved again under § 3582(c)(2) for a sentence reduction, this time based on Amendment 709 to the guidelines. That amendment, which took effect November 1, 2007, instructs district courts, when assessing a defendant's criminal history, to treat as a single sentence all prior sentences that were imposed on the same day. *See* U.S.S.G. § 4A1.2(a)(2). Lee, who had been sentenced on the same day for three armed robberies committed weeks apart, asserted that Amendment 709 entitled him to a reduced sentence. The district court denied his motion be-

---

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED R.APP P. 34(a)(2).

cause Amendment 709 is not retroactive and thus not grounds for a modification.

Section 3582(c)(2) permits a district court to reduce a defendant's sentence if his guidelines range has subsequently been lowered by the Sentencing Commission and "such a reduction is consistent with applicable policy statements." The applicable policy statement, U.S.S.G. § 1B1.10(a)(2)(A), permits a district court to modify a sentence only if one of the retroactive amendments enumerated in § 1B1.10(c) applies to the defendant. Amendment 709 is not one of those amendments, and so the district court had no authority to reduce Lee's sentence. *See United States v. Alexander*, 553 F.3d 591, 593 (7th Cir.2009).

Lee recognizes that the Sentencing Commission did not make Amendment 709 retroactive, but argues under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), that the district court erred in its § 3582(c)(2) analysis by treating the policy statement as mandatory. He also points to *United States v. Horn*, 590 F.Supp.2d 976 (M.D.Tenn.2008), *appeal docketed*, No. 09–5090 (6th Cir. Jan. 29, 2009), in which a district court concluded that it had discretion to modify a sentence despite the policy statement and applied Amendment 709 retroactively. But Lee's argument is foreclosed by *United States v. Cunningham*, 554 F.3d 703, 707–08 (7th Cir.2009), in which we held that policy statements in U.S.S.G. § 1B1.10 were consistent with *Booker* and Congress's intent in § 3582(c)(2), and "should ... be viewed as part of the statute."

Lee also argues that Amendment 709 applies retroactively because it is "clarifying," as opposed to "substantive." Under U.S.S.G. § 1B1.11(b)(2), a sentencing court must apply the guidelines manual in effect on a particular date in its entirety, as well as "subsequent amendments, to the extent that such amendments are clarifying rath-er than substantive changes." But Lee is wrong; Amendment 709 is substantive. *See Alexander*, 553 F.3d at 592 ("But Amendment 709 changed the guideline rather than merely clarifying it ...."); *see also United States v. Marler*, 527 F.3d 874, 877 n. 1 (9th Cir.), *cert. denied*, —— U.S. ——, 129 S.Ct. 427, 172 L.Ed.2d 309 (2008); *United States v. Wood*, 526 F.3d 82, 87–88 (3d Cir.), *cert. denied*, —— U.S. ——, 129 S.Ct. 308, 172 L.Ed.2d 224 (2008).

Accordingly, we AFFIRM the judgment of the district court.