**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 17, 2010[*]
Decided March 18, 2010

**Before**

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 09-3355

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 1:02-cr-10096-1 |
| KENNETH A. LEE, *Defendant-Appellant.* | Michael M. Mihm, *Judge.* |

**O R D E R**

Kenneth Lee appeals from the denial of his motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence based on Amendment 709 to the Sentencing Guidelines. We affirm.

Lee was convicted after a jury trial in 2003 of possessing more than five grams of cocaine base with intent to distribute, *see* 21 U.S.C. § 841(a)(1). Because he already had more

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

than one prior conviction for a violent felony, the district court sentenced him as a career offender to 262 months' imprisonment. We affirmed his conviction and sentence. *United States v. Lee*, 413 F.3d 622, 628 (7th Cir. 2005); *United States v. Lee*, 170 F. App'x 425, 426 (7th Cir. 2006). He then moved unsuccessfully under § 3582(c)(2) to modify his sentence based on Amendment 706 to the Guidelines; we affirmed the denial of that motion. *United States v. Lee*, No. 08-2508 (7th Cir. Feb. 2, 2009) (unpublished order).

In August 2009 Lee moved again under § 3582(c)(2) for a sentence reduction, this time based on Amendment 709 to the guidelines. That amendment, which took effect November 1, 2007, instructs district courts, when assessing a defendant's criminal history, to treat as a single sentence all prior sentences that were imposed on the same day. *See* U.S.S.G. § 4A1.2(a)(2). Lee, who had been sentenced on the same day for three armed robberies committed weeks apart, asserted that Amendment 709 entitled him to a reduced sentence. The district court denied his motion because Amendment 709 is not retroactive and thus not grounds for a modification.

Section 3582(c)(2) permits a district court to reduce a defendant's sentence if his guidelines range has subsequently been lowered by the Sentencing Commission and "such a reduction is consistent with applicable policy statements." The applicable policy statement, U.S.S.G. § 1B1.10(a)(2)(A), permits a district court to modify a sentence only if one of the retroactive amendments enumerated in § 1B1.10(c) applies to the defendant. Amendment 709 is not one of those amendments, and so the district court had no authority to reduce Lee's sentence. *See United States v. Alexander*, 553 F.3d 591, 593 (7th Cir. 2009).

Lee recognizes that the Sentencing Commission did not make Amendment 709 retroactive, but argues under *United States v. Booker*, 543 U.S. 220 (2005), that the district court erred in its § 3582(c)(2) analysis by treating the policy statement as mandatory. He also points to *United States v. Horn*, 590 F. Supp. 2d 976 (M.D. Tenn. 2008), *appeal docketed*, No. 09-5090 (6th Cir. Jan. 29, 2009), in which a district court concluded that it had discretion to modify a sentence despite the policy statement and applied Amendment 709 retroactively. But Lee's argument is foreclosed by *United States v. Cunningham,* 554 F.3d 703, 707-08 (7th Cir. 2009), in which we held that policy statements in U.S.S.G. § 1B1.10 were consistent with *Booker* and Congress's intent in § 3582(c)(2), and "should . . . be viewed as part of the statute."

Lee also argues that Amendment 709 applies retroactively because it is "clarifying," as opposed to "substantive." Under U.S.S.G. § 1B1.11(b)(2), a sentencing court must apply the guidelines manual in effect on a particular date in its entirety, as well as "subsequent amendments, to the extent that such amendments are clarifying rather than substantive changes." But Lee is wrong; Amendment 709 is substantive. *See Alexander*, 553 F.3d at 592

("But Amendment 709 changed the guideline rather than merely clarifying it. . . ."); *see also United States v. Marler*, 527 F.3d 874, 877 n.1 (9th Cir.), *cert. denied*, 129 S. Ct. 427 (2008); *United States v. Wood*, 526 F.3d 82, 87-88 (3d Cir.), *cert. denied*, 129 S. Ct. 308 (2008).

Accordingly, we AFFIRM the judgment of the district court.