NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 13, 2010[*]
Decided July 13, 2010

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 10-1108

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 97 CR 670-1 |
| RUBEN HUGHES,<br>*Defendant-Appellant*. | Harry D. Leinenweber,<br>*Judge.* |

**O R D E R**

Ruben Hughes is serving life imprisonment on his convictions for trafficking crack cocaine, *see* 21 U.S.C. §§ 846, 841(a)(1), and possession of a firearm by a felon, *see* 18 U.S.C. § 922(g). On direct appeal we upheld the convictions and sentences on four of six counts.

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

*See United States v. Hughes*, 213 F.3d 323, 335-36 (7th Cir.), *vacated*, 531 U.S. 975 (2000), *reinstated in part*, 5 F. App'x 507 (7th Cir. 2001). In 2008 Hughes moved for a reduced sentence under 18 U.S.C. § 3582(c)(2), invoking recent amendments to the sentencing guidelines. The district court found him ineligible for resentencing and denied the motion. We affirm the judgment.

The details of Hughes's drug trafficking are recounted in our previous decisions. *See Hughes*, 5 F. App'x at 510-11; *Hughes*, 213 F.3d at 326-28. For this appeal it is sufficient to note that, at trial, one member of Hughes's drug organization testified to cooking somewhere between six and ten kilograms of crack for Hughes in the summer of 1996, and another witness estimated that he had packaged and sold more than five kilograms of crack for Hughes during the first six months of the following year. The district court credited this testimony at sentencing and held Hughes responsible for distributing at least 1.5 kilograms of crack (which, at the time, was enough to trigger a base offense level of 38, the highest under U.S.S.G. § 2D1.1). When the court denied Hughes's motion for a reduced sentence, the court again relied on this testimony to conclude that Hughes was responsible for distributing, not just 1.5 kilograms, but at least 4.5 kilograms of crack (which under the amended version of § 2D1.1, is the quantity necessary to trigger a base offense level of 38).

On appeal Hughes argues, as he did in the district court, that three amendments to the guidelines apply to him and thus he was eligible for a reduced sentence under § 3582(c). That statutory provision allows a defendant to seek a reduction if the sentence was based on a guidelines range that has subsequently been lowered by a retroactive amendment. *See* U.S.S.G. § 1B1.10(a)(1) (policy statement); *Dillon v. United States*, No. 09-6338, 2010 WL 2400109, *2 (U.S. June 17, 2010); *United States v. Lawrence*, 535 F.3d 631, 634 (7th Cir. 2008).

Hughes first argues that he was eligible to seek a reduction based on Amendment 706. That amendment retroactively reduced the base offense levels for most crack offenses and, as noted, increased the quantity of crack corresponding to the highest level from 1.5 to 4.5 kilograms. *See* U.S.S.G. §§ 1B1.10(c), 2D1.1(c); U.S.S.G. supp. to app. C, 226-31 (2009) (Amendment 706); *United States v. Hall*, 582 F.3d 816, 817 (7th Cir. 2009). Hughes asserts that at sentencing he was found responsible for distributing only 1.5 kilograms of crack and so, in denying his § 3582(c) motion, the district court necessarily conducted impermissible factfinding to hold him responsible for a higher amount. Had the district court relied on its original finding, Hughes maintains, his base offense level would have dropped by two levels after Amendment 706. But the district court's conclusion regarding the quantity of crack attributable to Hughes resulted from a proper examination of the entire record that was available at his original sentencing. *See United States v. Davis*, 587 F.3d 1300, 1304 (11th Cir. 2009); *United States v. Woods*, 581 F.3d 531, 538-39 (7th Cir. 2009); *United States v. Forman*, 553 F.3d 585, 590 (7th Cir. 2009). Two witnesses testified to handling at least five and six

kilograms respectively, and the district reasonably relied on this evidence to conclude that Hughes was responsible for distributing at least 11 kilograms. And having found that Hughes had exceeded the 4.5 kilogram threshold, the district court correctly determined that he could not benefit from Amendment 706. *See Woods*, 581 F.3d at 538; *United States v. Harris*, 567 F.3d 846, 855 (7th Cir. 2009); *Forman*, 553 F.3d at 590.

Hughes also challenges the district court's conclusion that he was ineligible for a sentence reduction based on Amendments 599 and 709. Amendment 599 relates to convictions under 18 U.S.C. § 924(c)(1), so it has no relevance to Hughes. *See United States v. Howard,* 352 F.3d 332, 337-38 (7th Cir. 2003). And Amendment 709, which concerns how to count prior convictions in calculating a defendant's criminal history category, *see* U.S.S.G. supp. to app. C, 235-41 (2009) (Amendment 709); *United States v. Alexander*, 553 F.3d 591, 592 (7th Cir. 2009), is not retroactive, *see* U.S.S.G. § 1B1.10(c); *Alexander*, 553 F.3d at 592.

AFFIRMED.