| NONPRECEDENTIAL DISPOSITION |
| :---: |
| To be cited only in accordance with |
| Fed. R. App. P. 32.1 |

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 5, 2012[*]
Decided November 6, 2012

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 12-1817

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Central District of Illinois. |
| | |
| *v.* | No. 05-CR-20029 |
| | |
| FRANK KELLY CIOTA, | Michael P. McCuskey, |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

Frank Ciota appeals the dismissal of two successively filed motions to reduce his sentence under 18 U.S.C. § 3582(c)(2) based on amendments to the sentencing guidelines that, he asserts, lowered his criminal history category and clarified the calculation of his offense level. The district court dismissed both motions for lack of subject-matter jurisdiction. We affirm.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Ciota and two codefendants participated in a series of fraudulent real estate "flipping" transactions, in which they duped purchasers into buying homes at inflated prices through fraudulent appraisals and falsified mortgage loan applications. They then used the profits from these transactions to promote their ongoing scheme. Ciota pleaded guilty in 2006 to one count of bank fraud, 18 U.S.C. § 1344; one count of wire fraud, 18 U.S.C. § 1343; five counts of mail fraud, 18 U.S.C. § 1341; and one count of conspiracy to commit money laundering, 18 U.S.C. § 1956(a)(1)(A)(i), (a)(1)(B)(i), (h). The district court sentenced him to 97 months' imprisonment, based on an offense level of 26 and a criminal history category of III. Ciota voluntarily dismissed his direct appeal. He later moved to vacate his sentence under 28 U.S.C. § 2255, but that motion was denied.

Nearly four years after his sentencing, Ciota filed successive motions to reduce his sentence under 18 U.S.C. § 3582(c)(2). In his first motion, Ciota asserted that the district court at sentencing incorrectly assessed the loss amount at close to $1.3 million by failing to subtract the value of the pledged collateral in each of his home mortgage loans. He maintained that the loss amount should have been below $1 million and that he should have received a 14-level adjustment rather than a 16-level adjustment. *See* U.S.S.G. § 2B1.1(b)(1).

Two weeks later Ciota filed his second motion, asserting that Amendment 709 to the sentencing guidelines reduced his criminal history category from III to II. In his view the amended language of U.S.S.G. § 4A1.2(c)(1) precludes consideration of a 1994 deceptive-practices conviction, for which he was sentenced to 12 months' court supervision; that offense led to the assessment of an additional criminal history point that increased his criminal history category to III. Amendment 709 became effective in November 2007, after the preparation of his presentence investigation report but before his sentencing. (Neither party mentioned the amendment at sentencing; Ciota later raised it in his § 2255 motion, but the court dismissed the claim as untimely.)

In a single order, the district court dismissed both motions for lack of subject-matter jurisdiction. The court ruled that the first motion did not rely on a retroactive amendment to the guidelines, but rather stemmed from a disagreement over the calculation of Ciota's sentence. The second motion, the court concluded, failed because Amendment 709 was not made retroactive by the United States Sentencing Commission.

Federal courts generally may not modify terms of imprisonment after they are imposed, unless a subsequent amendment to the sentencing guidelines reduces the defendant's applicable guideline range and has been made retroactive. *See* 18 U.S.C. § 3582(c); *Freeman v. United States*, 131 S.Ct. 2685, 2690–91 (2011). In determining whether this exception applies, courts must refer to the Sentencing Commission's policy statements,

which contain an exhaustive list of retroactive sentencing amendments that may be considered in a § 3582(c) motion. *See* U.S.S.G. § 1B1.10(a), (c); *Dillon v. United States*, 130 S.Ct. 2683, 2687–88 (2010); *Guyton*, 636 F.3d at 318. Without a retroactive amendment, courts lack jurisdiction to consider modifying a defendant's sentence. *See Dillon*, 130 S.Ct. at 2691; *United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009).

On appeal, Ciota maintains that he is entitled to a reduced sentence because the district court failed to apprehend that his first § 3582(c)(2) motion relied on Amendment 741, which was enacted after his sentencing. Amendment 741 changed the language of U.S.S.G. § 1B1.1 to specify three procedural steps that courts must take in determining a defendant's sentence—courts must first calculate the defendant's applicable guideline range before considering any departure provisions or the sentencing factors in 18 U.S.C. § 3553(a). *See United States v. Guyton*, 636 F.3d 316, 319 & n. 2 (7th Cir. 2011). Ciota argues that the district court violated step one—his guideline calculation—by miscalculating the loss amount for his offense.

Although Amendment 741 was enacted after Ciota's sentencing, it was not made retroactive by the Commission; therefore it cannot form the basis for a modified sentence under § 3582(c). Ciota argues in the alternative that the amendment should be given retroactive effect as a "clarifying" amendment, but this argument fails because the amendment occurred after his sentence. U.S.S.G. § 1B1.11(b)(2). A court may consider a clarifying amendment "only when the sentence is based on an edition of the guidelines that is no longer in force and the amendment predates the sentence." *United States v. Alexander*, 553 F.3d 591, 592 (7th Cir. 2009).

Ciota now concedes that Amendment 709 became effective before his sentencing, but he nonetheless argues that (as with Amendment 741) it should be applied retroactively to him as a clarification of the guidelines. But Amendment 709 is substantive rather than clarifying, *Alexander*, 553 F.3d at 592, and in any event the district court lacked jurisdiction to consider the § 3582(c) motion because the amendment did not retroactively reduce Ciota's sentence. *Forman*, 553 F.3d at 588. Finally, Ciota correctly points out that in light of Amendment 709 the district court erred by assigning an extra criminal history point for his 1994 deceptive-practices conviction, *see* U.S.S.G. § 1B1.11(a) (requiring that district courts use the Guidelines Manual in effect at the time of sentencing), but the time to seek a reduced sentence based on that error has now passed. *See* FED. R. CRIM. P. 35; *United States v. Smith*, 438 F.3d 796, 799–801 (7th Cir. 2008).

The district court therefore correctly dismissed both of Ciota's § 3582(c) motions for lack of subject-matter jurisdiction.

**AFFIRMED.**