**UNITED STATES, Plaintiff–Appellee,**

v.

**Desmond FIELDS, Defendant–Appellant.**

No. 03–1882.

United States Court of Appeals,
Seventh Circuit.

Submitted Jan. 22, 2004.

Decided Jan. 22, 2004.

Dean R. Lanter, Office of the United States Attorney, Hammond, IN, for Plaintiff–Appellee.

Desmond Fields, Elkton, OH, for Defendant–Appellant.

Before COFFEY, KANNE, and WILLIAMS, Circuit Judges.

### ORDER

Desmond Fields pleaded guilty to four counts of using a telephone in aid of a narcotics offense, in violation of 21 U.S.C. § 843(b). The district court sentenced him to a total of 192 months of imprisonment, one year of supervised release, and $400 in special assessments. Fields appeals, but his appointed counsel moves to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he cannot discern a nonfrivolous issue for appeal. Fields has submitted a response under Circuit Rule 51(b). Because we conclude that all of the potential issues identified by counsel and Fields are frivolous, we grant counsel's request to withdraw and dismiss the appeal.

Counsel first considers whether Fields could argue that his guilty pleas should be set aside because of noncompliance with Federal Rule of Criminal Procedure 11. In his Rule 51(b) response Fields states

that he wishes to withdraw his guilty pleas, so counsel properly considered this potential issue. *See United States v. Knox,* 287 F.3d 667, 670–71 (7th Cir.2002). In his response Fields contends that he agreed to plead guilty only because of his attorney's deception. Though Fields wrote a letter to the district court prior to sentencing asserting that he had been "tricked into entering a plea agreement with the government," Fields later at sentencing declined the judge's offer to interpret the letter as a motion to withdraw his guilty pleas and stated under oath that he no longer believed he had been tricked into pleading guilty, that he was confident in his attorney's representation, and that he wanted to continue with his guilty pleas. We presume that Fields's responses at the sentencing hearing were truthful, *see Bridgeman v. United States,* 229 F.3d 589, 592 (7th Cir.2000), so Fields cannot now deny them. Because Fields never moved to withdraw his guilty pleas in the district court, we would review his argument that his guilty pleas should be set aside only for plain error. *See United States v. Vonn,* 535 U.S. 55, 59, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002); *United States v. Kelly,* 337 F.3d 897, 905 (7th Cir.2003).

Counsel asserts that the district court substantially complied with Rule 11, and we agree. The district court explained the nature of the charges and the application of the sentencing guidelines, Fed. R.Crim.P. 11(b)(1)(G), (b)(1)(M), and discussed the rights Fields would waive by pleading guilty, including the right to a jury trial, to confront and cross-examine witnesses, and to testify on his own behalf, Fed.R.Crim.P. 11(b)(1)(C), 11(b)(1)(E). The district court also verified that Fields pleaded guilty voluntarily, that he was not forced or coerced into pleading guilty, and that he had sufficient opportunity to discuss with his attorney the consequences of pleading guilty. Fed.R.Crim.P. 11(b)(2).

Additionally, the district court advised Fields about the applicable penalties, Fed. R.Crim.P. 11(b)(1)(H), 11(b)(1)(I), and about the effect of supervised release, Fed. R.Crim.P. 11(b)(1)(H).

■ In his Rule 51(b) response Fields argues that the government's evidentiary proffer was insufficient and that the district court erred by accepting it. *See* Fed. R.Crim.P. 11(b)(3). At the change-of-plea hearing, however, the government described Fields's conduct in detail. The district court then thoroughly questioned Fields, confirming that he agreed with the evidence and was guilty of each element of the offense on all four counts. Since Fields cannot now deny his admissions, *see Bridgeman,* 229 F.3d at 592, the proffer was sufficient, *see United States v. Christian,* 342 F.3d 744, 748 (7th Cir.2003) (court "must find that the facts support the charge"). Accordingly, we agree with counsel that an appeal based on the propriety of the guilty pleas would be frivolous.

■ Counsel also questions whether Fields could challenge the district court's conclusion that the motion to suppress pending at the time of Fields's guilty pleas was moot. Fields pleaded guilty unconditionally, and the district court accepted his pleas. Because a guilty plea waives all non-jurisdictional defects occurring before the plea, *see United States v. Elizalde–Adame,* 262 F.3d 637, 639 (7th Cir.2001), we agree that this argument would be frivolous.

■ Finally, counsel examines whether Fields could challenge his prison sentence but concludes that any such challenge would be frivolous because in his plea agreement Fields waived his right to appeal the term imposed. Fields's plea agreement contains his promise to forego appealing his sentence insofar as it is with-

in the maximums allowed by § 843(b). *See United States v. Behrman,* 235 F.3d 1049, 1052 (7th Cir.2000). A waiver of appeal is valid as long as the plea itself was entered into voluntarily. *United States v. Rhodes,* 330 F.3d 949, 952 (7th Cir.2003). Here, Fields's plea agreement clearly set forth the waiver, the district court explained that waiver to Fields during the plea colloquy, and Fields acknowledged that he understood. Though Fields argues in his Rule 51(b) response that the appeal waiver must be "unconscionable" because he expected to receive concurrent sentences even if he received the statutory maximum of four years on each count, Fields was told, and acknowledged, during the plea colloquy that he could receive a sixteen-year sentence. The judge ruled that the sentences would run consecutively, *see* U.S.S.G. § 5G1.2(d) (requiring that sentences be imposed consecutively where the statutory maximum on each count is less than the recommended guideline range), but the resulting sixteen-year sentence was within the maximum permissible under § 843(b). Fields's waiver of appeal was therefore valid, and any attempt to challenge his prison sentence would be frivolous.

For the foregoing reasons, we GRANT counsel's motion to withdraw and DISMISS the appeal.