In the

# United States Court of Appeals

## For the Seventh Circuit

No. 08-3643

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

MARK L. NEFF,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 91-CR-30043—**Michael M. Mihm**, *Judge.*

SUBMITTED NOVEMBER 9, 2009—DECIDED MARCH 11, 2010

Before EVANS and SYKES, *Circuit Judges*, and DER-YEGHIAYAN, *District Judge.*[*]

DER-YEGHIAYAN, *District Judge.* Mark L. Neff was convicted of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) and given an enhanced sentence based on his status as an armed career criminal

[*] Hon. Samuel Der-Yeghiayan, District Judge for the Northern District of Illinois, is sitting by designation.

pursuant to 18 U.S.C. § 924(e)(1). The district court denied a series of motions filed by Neff relating to modification of Neff's sentence. After the district court denied Neff's latest motion, Neff filed notice of appeal contesting the district court's denial of that motion. However, Neff's notice of appeal was filed after the deadline for filing notice of appeal in a criminal case, promulgated in Federal Rule of Appellate Procedure 4(b). The Government conceded that it failed to properly invoke the time limits of Rule 4(b). For the following reasons, we find that we have jurisdiction to consider Neff's appeal and we affirm the district court's denial of Neff's latest motion relating to sentence modification.

## I. Background

Mark L. Neff was convicted in the United States District Court for the Central District of Illinois, Peoria Division of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). On August 5, 1994, Neff was sentenced as an armed career criminal under 18 U.S.C. § 924(e)(1), which defines an armed career criminal as "a person who violates section 922(g) . . . and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Neff's status as an armed career criminal was based on his 1984 conviction on two counts of residential burglary and his 1989 conviction on three counts of attempted burglary. As an armed career criminal, Neff received an enhanced sentence of 252 months' imprisonment. Beginning in

March 2008, Neff sought modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2), Federal Sentencing Guideline Amendment 709, and policy statement found in United States Sentencing Guideline § 1B1.11(b)(2).

Under 18 U.S.C. § 3582(c)(2), a court may modify a term of imprisonment if a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*. Federal Sentencing Guideline Amendment 709, which took effect in 2007, provided that any prior sentences resulting from offenses contained in the same charging instrument or imposed on the same day should be counted as a single sentence for the purpose of calculating a defendant's criminal history category. *See* U.S. Sentencing Guidelines Manual § 4A1.2(a)(2) (2007). The policy statement contained in United States Sentencing Guideline § 1B1.11(b)(2) indicated that "if a court applies an earlier edition of the Guidelines Manual [rather than the edition in effect at the time of sentencing], the court shall consider amendments, to the extent that such amendments are clarifying rather than substantive changes." *Id*. (2007).

On July 3, 2008, after filing a series of *pro se* motions that the district court denied, Neff filed a *pro se* motion asking the court to determine whether Amendment 709 was clarifying or was substantive. Neff argued in the motion that if the court found Amendment 709 to be clarifying in nature, Amendment 709 would apply retro-

actively to reduce Neff's sentence. On July 10, 2008, the district court found that Neff was ineligible for reduction of his sentence and denied Neff's motion. Due to an apparent clerical error, Neff did not receive notice of the court's order until more than three months later. Upon learning of the court's order, Neff immediately filed a notice of appeal. On December 18, 2008, we dismissed Neff's appeal on jurisdictional grounds, noting that Federal Rule of Appellate Procedure 4(b) required notice of appeal in a criminal case to be filed within 10 days (at that time, now 14 days) of the entry of judgment or order appealed. Subsequently, the Government informed the court that, based on the unique circumstances of this case and for strategic reasons, the Government would concede, for purposes of this appeal, that it had failed to properly invoke the time limits of Rule 4(b). On February 3, 2009, we vacated our dismissal order and appointed counsel to represent Neff in this appeal. We also indicated in our order that "in addition to any other issues counsel deems appropriate, counsel shall address whether the time limits in Rule 4(b) of the Federal Rules of Appellate Procedure for notices of appeal in criminal cases are jurisdictional or instead are claim-processing rules that the government may forfeit." (App. at 50).

## II. Discussion

The issue before us is whether the time limits in Rule 4(b) are jurisdictional or are instead claim-processing rules that can be waived or forfeited. In *Kontrick v. Ryan*, 540 U.S. 443, 124 S.Ct. 906 (2004), the Supreme Court

observed that "only Congress may determine a federal lower court's subject matter jurisdiction," and that, accordingly, Federal Rules of Bankruptcy Procedure 4004 and 9006(b)(3) were non-jurisdictional "claim-processing rules that do not delineate what cases bankruptcy courts are competent to adjudicate." *Id*. at 452-54, 124 S.Ct. at 914. The Supreme Court similarly held in *Eberhart v. United States*, 546 U.S. 12, 126 S.Ct. 403 (2005), that the time limitation in Federal Rule of Criminal Procedure 33 was not jurisdictional and could therefore be excused if not properly invoked. *Id*. at 19, 126 S.Ct. at 407*.* Further, in *Bowles v. Russell*, 551 U.S. 205, 127 S.Ct. 2360 (2007), the Supreme Court distinguished Federal Rule of Appellate Procedure 4(a) from Federal Rule of Bankruptcy Procedure 4004, determining that since Rule 4(a) is based upon federal statute, the time limit in Rule 4(a) is therefore jurisdictional. *Id*. at 212-14, 127 S.Ct. at 2365-66. We stated in *Asher v. Baxter Intern. Inc.*, 505 F.3d 736 (7th Cir. 2007), that "*Bowles* holds that statutory deadlines for appeal are jurisdictional, but read in conjunction with decisions such as *Eberhart, . . .* holds out the possibility that deadlines in the federal rules are just claim-processing norms." *Id*. at 741.

Rule 4(b) does not have a statutory basis. Rule 4(b) was adopted in 1967 and derived from former Federal Rule of Criminal Procedure 37(a)(2). Since the prescribed deadline to file a notice of appeal in a criminal case promulgated in Rule 4(b) is not a Congressionally-created statutory limitation, we find that it is not jurisdictional and is merely a claim-processing rule that can be forfeited. We note that other Circuits that have considered this issue have similarly found that the time limit in

Rule 4(b) is not jurisdictional. *See, e.g.*, *United States v. Frias*, 521 F.3d 229, 233 (2d Cir. 2008) (citing *United States v. Garduño*, 506 F.3d 1287, 1288 (10th Cir. 2007), *United States v. Martinez*, 496 F.3d 387, 388 (5th Cir. 2007) (per curiam), and *United States v. Sadler*, 480 F.3d 932, 934 (9th Cir. 2007)).

Since we have jurisdiction to hear Neff's appeal, we will proceed to the merits of his appeal. The district court judge found that Neff was ineligible for reduction because Amendment 709 was not retroactive and could therefore not be applied to Neff. Thus, the district court judge denied Neff's motion to determine whether Amendment 709 was clarifying or substantive. In *United States v. Alexander*, 553 F.3d 591 (7th Cir. 2009), we held that Amendment 709 substantively changed the sentencing guidelines and we observed that Amendment 709 was not made retroactive. *Id.* at 592-93. In addition, we noted that even if Amendment 709 was clarifying, the sentencing guidelines authorize the use of a clarifying amendment only when the clarifying guideline precedes the sentence. *Id.* at 592. Neff's sentence does not meet this criteria since Neff was sentenced in 1994 and Amendment 709 became effective in 2007. Based on the above, Neff's appeal cannot succeed.

### III. Conclusion

For the above stated reasons, we AFFIRM the district court's decision.