NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted March 24, 2010[*]
Decided July 14, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-3164

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        *Plaintiff-Appellee,*<br><br>        *v.*<br><br>DESMOND FIELDS,<br>        *Defendant-Appellant.* | Appeal from the United States District<br>Court for the Northern District of Indiana,<br>Hammond Division.<br><br>No. 2:01 CR 185<br><br>James T. Moody,<br>*Judge*. |

**O R D E R**

Desmond Fields appeals from a district court order reducing his prison sentence under 18 U.S.C. § 3582(c)(2).  Fields wanted a greater reduction, but the court concluded that it was not authorized to go any lower.  We affirm.

Fields pleaded guilty in 2002 to four counts of using a phone to facilitate distributing powder and crack cocaine, *see* 21 U.S.C. § 843(b); 18 U.S.C. § 2.  With a total offense level of 37 and a criminal history category of I, his advisory guideline range on those charges was

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See*  FED. R. APP. P. 34(a)(2)(B).

210 to 262 months. The district court imposed four consecutive sentences of 48 months—the statutory maximum for the offense, 21 U.S.C. § 843(d)(1)—for a total term of 192 months' imprisonment. We dismissed his direct appeal. *United States v. Fields*, 87 F. App'x 590 (7th Cir. 2004) (nonprecedential disposition).

In 2008, Fields moved under § 3582(c)(2) to reduce his sentence based on Amendments 706 and 711 to the Sentencing Guidelines, which retroactively decreased by two levels the base offense level for most crack cocaine offenses. Fields further argued that he was entitled to a new sentencing proceeding under the Guidelines in accordance with *United States v. Booker*, 543 U.S. 220 (2005). He asserted that after *Booker*, the amended guideline range is advisory in a sentencing modification under § 3582(c)(2) and does not restrain a court from imposing a further reduction in light of the factors listed in § 3553(a). The court agreed that Fields was entitled to a two-level decrease in base offense level, but declined to grant any reduction greater than that. Noting that § 3582(c)(2) does not provide a basis for reopening sentences for further consideration, the court reduced Fields's sentence to 168 months—the bottom of the newly calculated guidelines range—and denied his request for a resentencing hearing.

Fields filed a pro se notice of appeal more than 10 days after the judgment was entered, *see* FED. R. APP. P. 4(b)(1)(A)(i) (2005), and the parties dispute whether his filing can be considered timely under the "mailbox rule," *see* FED. R. APP. P. 4(c)(1). But the Rule 4(b) time limit for filing notice of appeal in criminal case is not jurisdictional, *see United States v. Neff*, — F.3d —, 2010 WL 816629, *3 (7th Cir. 2010), and as Fields cannot prevail in his appeal in any event, we resolve the case on the merits.

Fields argues that the district court erred in not recognizing that *Booker* applies to § 3582(c)(2) proceedings, in not applying the § 3553(a) factors when reducing sentence, and in not otherwise reducing his sentence below the amended guideline range. But Fields arguments are foreclosed by *United States v. Cunningham*, 554 F.3d 703, 707-08 (7th Cir. 2009), in which we concluded that *Booker* does not require a district court to treat the guidelines as advisory in the limited context of a resentencing under § 3582(c)(2), a statute legally distinct from § 3553(a), which governs original sentencing proceedings. "The policy statements [in U.S.S.G. §§ 1B1.10(a)(3), 1B1.10(b)(2)(A)] make clear," we went on to explain, that § 3582(c)(2) proceedings are not full resentencings and may not result in a sentence lower than the amended guideline range. . . . " *Id.* at 708. Fields cites *United States v. Hicks*, 472 F.3d 1167, 1171-72 (9th Cir. 2007), the only circuit opinion authorizing district courts to reduce a sentence below the amended guideline in a resentencing under § 3582(c), but we explicitly disagreed with that approach in *Cunningham*. *Cunningham*, 554 F.3d at 708 n.3.

AFFIRMED.