**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
## Chicago, Illinois 60604

Submitted March 23, 2011[*]
Decided March 25, 2011

### Before

FRANK H. EASTERBROOK, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| Nos. 10-2878, 10-3394 & 11-1076 | Appeals from the United States District Court for the Northern District of Illinois, Eastern Division. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| *v.* | |
| SHERMAN MOORE, *Defendant-Appellant*. | No. 95 CR 509–2 David H. Coar, *Judge*. |

### Order

Sherman Moore was convicted in 1996 of drug offenses and sentenced to three concurrent terms. Two of the three are life imprisonment; the other is 20 years. We affirmed his conviction and sentences, 223 F.3d 554 (7th Cir. 2000), and rejected his collateral attack, 188 Fed. App'x 494 (7th Cir. 2006) (nonprecedential disposition). In 2008, after the Sentencing Commission lowered the Guideline ranges for crack-cocaine crimes, and made that change retroactive, Moore asked the district court to reduce his sentences. The judge denied that motion, and we affirmed. No. 10-1977 (7th Cir. Dec. 22, 2010) (nonprecedential disposition).

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

Moore has continued to file motions in the district court asking the judge to correct his presentence report—a document that was written in 1996 and should have been corrected then (if it contains errors). Moore apparently thinks that, because he received a copy of this report in connection with his sentence-reduction motion in 2008, he is entitled to another opportunity to complain about its contents. This is not so. A procedure under 18 U.S.C. §3582(c)(2) is not a full resentencing, see *Dillon v. United States*, 130 S. Ct. 2683, 2690–92 (2010), so Fed. R. Crim. P. 32(i)(3)(B) does not apply. A district judge is entitled to take the original PSR as given. (To the extent Moore may believe that a new PSR has been prepared, he is mistaken—as the district judge has told him repeatedly.)

After the district judge denied his motion to correct the 1996 PSR, Moore filed a notice of appeal. This notice, No. 10-2878, is late. The deadline for a notice of appeal in a criminal case is not jurisdictional, see *United States v. Neff*, 598 F.3d 320, 323 (7th Cir. 2010), but it remains a mandatory case-processing rule. Cf. *Eberhart v. United States*, 546 U.S. 12 (2005). The United States has invoked the benefits of this deadline and is entitled to have it enforced.

Recognizing that appeal No. 10-2878 is defective, Moore asked the district judge to extend the time under Fed. R. App. P. 4(b)(4). The district judge denied this motion, and Moore filed an appeal, which has been docketed as No. 10-3394, from that decision. The Criminal Code authorizes appeals from final sentences but not from procedural orders. 18 U.S.C. §3742(a). See also 28 U.S.C. §1291. The right way to contest an order denying a motion under Rule 4(b)(4) is to present an argument in the initial appeal. The district judge did not abuse his discretion in denying the motion for an extension under Rule 4(b)(4). Thus appeal No. 10-2878 is dismissed as untimely, and appeal No. 10-3394 is dismissed as unauthorized by statute (because it is not an appeal from a final decision).

While appeal No. 10-2878 was pending, Moore filed in the district court still another motion to correct the PSR. The judge denied this on the same grounds as before: That the PSR written in 1996 is no longer subject to revision (the deadline for objections to a report is 14 days, see Rule 32(f)(1)), and that Moore is mistaken in thinking that a new PSR was prepared in 2008. What is more, if Moore were correct in his belief, the time to raise the issue was on appeal from the district court's order denying his motion for a lower sentence. That time has passed and cannot be reopened by sequential motions. Moore then filed another appeal, which has been docketed as No. 11-1076. Because appeal No. 10-2878 was pending when the district judge made this decision, the court lacked jurisdiction to proceed. A district judge cannot visit (or revisit) an issue that is before the court of appeals. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *United States v. McHugh*, 528 F.3d 538 (7th Cir. 2008). In No. 11-1076, therefore, the decision of the district court is vacated as unauthorized.

Moore should not interpret this as an invitation to file another, similar request in the district court. Successive applications under §3582(c)(2) are not allowed, see *United States v. Redd*, 630 F.3d 649 (7th Cir. 2011), and successive motions concerning the PSR would be frivolous and lead to an award of sanctions.

Appeals No. 10-2878 and 10-3394 are dismissed, and on Appeal No. 11-1076 the district court's decision is vacated.