NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 27, 2011[*]
Decided July 27, 2011

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-1078

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 93 CR 350 - 4 |
| ROBERT SHIPP, *Defendant-Appellant.* | Marvin E. Aspen, *Judge.* |

**O R D E R**

Robert Shipp appeals from the denial of his motion under 18 U.S.C. § 3582(c) to reduce the life sentence imposed for his conviction for conspiracy to distribute crack cocaine, 21 U.S.C. §§ 846, 841(a)(1). As authority for his motion, Shipp cited three postsentencing amendments to the sentencing guidelines, but the district court reasoned

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(c).

that two of the three cannot be applied retroactively and the third, even if applied, would not lower Shipp's imprisonment range.

Shipp was part of a ring that operated in Chicago from late 1991 through the middle of 1993. At sentencing the district court found him accountable only for the crack he and his cohorts distributed in 1993, but even for that short period the amount exceeded 10 kilograms. Under the controlling version of the guidelines, a crack quantity of 5 to 15 kilograms corresponded to a base offense level of 40, U.S.S.G. § 2D1.1(c)(2) (1993), and on top of that the district court added four levels for Shipp's leadership role, *id*. § 3B1.1(b), and two more levels for obstruction of justice, *id*. § 3E1.1. The court sentenced Shipp to life imprisonment, which was the guidelines sentence applicable to a defendant with a total offense level of 46. U.S.S.G. ch. 5, pt. A (1993). We affirmed Shipp's sentence on direct appeal. *United States v. Banks*, 78 F.3d, 1190 (7th Cir. 1996).

In his motion under § 3582(c)(2), Shipp argued that his base offense level should be reduced on the authority of Amendment 505, which lowered from 40 to 38 the maximum base offense level in U.S.S.G. § 2D1.1 for any drug crime. U.S.S.G. app. C, vol. I, amend. 505. Shipp also contended that he should benefit from Amendments 503 and 581, but the Sentencing Commission has not made either change retroactive, see U.S.S.G. § 1B1.10(a)(1), (c), and thus neither amendment provides a basis for relief under § 3582(c)(2), see *United States v. Neff*, 598 F.3d 320, 323 (7th Cir. 2010); *United States v. Alexander*, 553 F.3d 591, 593 (7th Cir. 2009). We need not say more about Amendments 503 and 581 because the district court fully explained to Shipp that § 1B1.10 limits the scope of § 3582(c)(2) to retroactive amendments.

Amendment 505, which became effective a few months after Shipp was sentenced, is retroactive and thus, in an appropriate case, can be a basis for relief under § 3582(c)(2). See U.S.S.G. § 1B1.10(c); *United States v. Tidwell*, 178 F.3d 946, 947 (7th Cir. 1999). The district court denied Shipp's motion, however, because reducing his base offense level by two levels from 40 to 38 would not have provided him any benefit. Given the six levels added for Shipp's leadership role and obstruction of justice, a two-level decrease in his base offense level would not be enough to bring his total offense level below 43, which is the cutoff for a guidelines imprisonment range of life. And since a sentence reduction is not authorized by § 3582(c)(2) unless a retroactive amendment lowers the defendant's imprisonment range, U.S.S.G. § 1B1.10(a)(2)(B), the district court had no authority to grant the requested relief, see *United States v. Taylor*, 627 F.3d 674, 676 (7th Cir. 2010); *United States v. Knox*, 573 F.3d 441, 450 (7th Cir. 2009). Accordingly, the judgment is AFFIRMED.