**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted November 30, 2011[*]

Decided December 9, 2011

Before

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD D. CUDAHY, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

| | |
|---|---|
| No. 11-1931 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| *v.* | |
| DARREN A. HOLLIS, *Defendant-Appellant*. | No. 06 CR 677 John W. Darrah, *Judge*. |

**Order**

Darren Hollis stole money from the Postal Service and pleaded guilty to violating 18 U.S.C. §1711. He was sentenced to a year and a day of imprisonment, a two-year term of supervised release, and ordered to pay $52,560 in restitution. The district court has revoked Hollis's supervised release because, since his release from prison, he has not paid any of the restitution, though payment is one condition of his supervised release. (Hollis put some money toward restitution before his sentence, perhaps hoping that this would show acceptance of responsibility, and paid a little more through the Inmate Financial Responsibility Program while in prison. Payments stopped cold on the date of his release.) The court sentenced Hollis to 36 months of additional supervised release, including 4 months' community confinement.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

The district court originally ordered Hollis to pay 10% of his income toward restitution. When Hollis disobeyed this order, the district court held a hearing in February 2010. Hollis asserted that his income (monthly unemployment benefits of $850) was insufficient to make any payments. Two months later, at another hearing, the court ordered Hollis to perform some community service in lieu of restitution. In July, after another hearing, the court concluded that Hollis could afford at least $80 a month and ordered him to pay that (and to continue with community service). When Hollis still did not pay even one penny during the next nine months, the court revoked his supervised release and imposed the extended term we have described. A month later, in an apparent attempt to comply with 18 U.S.C. §3583(h), the court added one day's imprisonment to the revised sentence and stated that Hollis had already served this additional time.

Section 3583(h) provides (emphasis added):

> When a term of supervised release is revoked *and the defendant is required to serve a term of imprisonment*, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

The district judge apparently was concerned that four months in community confinement would not count as "imprisonment" under this statute, and that the absence of any term of imprisonment would jeopardize the new 36-month term of supervised release. Hollis has not made any argument along these lines, however; he apparently accepts the validity of the addition (or perhaps deems community confinement the equivalent of imprisonment). The United States is not and asks us to remand. The problem with the district court's approach, according to the prosecutor, is that under Fed. R. Crim. P. 35(a) a district court has only 14 days to correct problems of this sort, and this judge took longer.

Yet a remand would modify the judgment, which we lack authority to do. The United States did not file a cross-appeal, so we cannot alter the judgment at its behest. See *Greenlaw v. United States*, 554 U.S. 237 (2008). There is an exception to the cross-appeal requirement for situations in which the district court acted without subject-matter jurisdiction. But *Eberhart v. United States*, 546 U.S. 12 (2005), holds that time limits in the Federal Rules of Criminal procedure are not jurisdictional. See also *United States v. Neff*, 598 F.3d 320 (7th Cir. 2010) (time limit in Fed. R. App. P. 4(b) for taking a criminal appeal is not jurisdictional). Because Hollis has not contested the district court's delay in adding the one-day term of imprisonment, and the United States cannot do so, we do not consider this topic further and proceed to the arguments that Hollis does make.

He principally argues that his failure to pay was not willful. Citing *Bearden v. Georgia*, 461 U.S. 660, 671–72 (1983), he emphasizes that a defendant may not be punished solely because he lacks the ability to pay. But the district judge found he *is* able to pay. Hollis is in straitened circumstances, but even a person limited to $850 a month can pay *something*, yet Hollis has not paid one cent. Hollis found the money to pay for the briefs he filed in this court; he also could have found some money to pay restitution. The district court observed that Hollis had not produced any evidence about his living expenses and therefore had not shown that it is impossible to pay any restitution. He states that the district court did not give him an opportunity to produce this evidence, but he is mistaken: There were multiple hearings, and the transcript of the final hearing reveals that Hollis was given an opportunity to testify about "anything that [the court] should consider in determining whether [he was] in violation of the terms of [his] supervision." He simply chose not to offer testimony or other evidence about his living expenses.

None of his other arguments requires lengthy consideration. For example, he complains about a decision excluding as hearsay a letter from his wife asserting that the couple was "living separately" in the same residence. The Federal Rules of Evidence do not apply, Fed. R. Evid. 1101(d)(3), but the judge excluded the latter as unreliable. Hollis's problem in this court is that evidence about his living arrangements is material only to the extent it quantified his actual expenses; this letter did not.

Second example: Hollis contends that the district judge erred by modifying his restitution obligation, at the hearing in July 2010, from 10% of gross income to $80 a month, even though he did not attend. Criminal Rule 32.1, which governs hearings concerning supervised release, does not allow a defendant to obtain a unilateral postponement by the expedient of not showing up. It is enough if the defendant has an "opportunity to appear". Fed. R. Crim. P. 32.1(b)(2)(C). Hollis does not contend that he lacked that opportunity. Moreover, according to the transcript a lawyer appeared for him in July 2010. Hollis says that the lawyer appeared without his consent, but we need not decide whether this is so. The change from 10% to $80 a month was favorable to Hollis; if we were to disregard the July 2010 order, Hollis's obligation would go up. And the change in July 2010 has nothing to do with the reason why supervised release was revoked—Hollis's obdurate refusal to pay *anything* toward restitution.

Hollis contends that his new 36-month sentence of supervised release is unreasonably long. A sentence imposed on the revocation of supervised release stands unless it is "plainly unreasonable." See *United States v. Kizeart*, 505 F.3d 672, 673 (7th Cir. 2007). This sentence is not. It falls within the guidelines range, U.S.S.G. §7B1.4, and thus is presumptively reasonable. No more need be said about this subject, and the rest of Hollis's arguments require no discussion at all.

AFFIRMED