**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 23, 2020
Decided October 26, 2020

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-3375

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division. |
| *v.* | No. 1:14CR4-001 |
| SHAWN C. NORMAN, *Defendant-Appellant*. | Holly A. Brady, *Judge*. |

# O R D E R

Shawn Norman pleaded guilty to distribution of heroin, 21 U.S.C. § 841(a)(1), and was sentenced by the district court as a career offender, U.S.S.G. § 4B1.1, to a below-Guidelines term of 151 months' imprisonment. Although his plea agreement included an appellate waiver, Norman appeals. His appointed counsel asserts that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel's brief explains the nature of the case and addresses potential issues that an appeal of this kind would be expected to involve. Because her analysis appears thorough, and Norman has not filed a timely response to her motion, *see* CIR. R. 51(b),

we limit our review to the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).[1]

In her brief, counsel states that she consulted with Norman and confirmed that he does not wish to withdraw his guilty plea, so counsel properly omits discussion of any arguments related to the plea's validity. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel considers whether Norman could challenge his career-offender status—a potential challenge explicitly left open under his otherwise broad appellate waiver. The district court designated Norman a career offender based on two prior felony convictions in 2001 for conspiracy to distribute cocaine. Counsel considers arguing that, based on the 2001 version of the Guidelines, these two convictions should be treated as "related" cases for purposes of U.S.S.G. § 4A1.2(a)(2). Although the two convictions arose in different jurisdictions (the Northern District of Indiana and the Eastern District of Michigan), she notes that the offenses involved a singular course of conduct: Norman's possession of a controlled substance in Indiana related to his conspiracy to distribute cocaine in Michigan.

We agree with counsel that any challenge to Norman's career-offender designation would be frivolous. As counsel notes, the 2018 version of the Guidelines in effect at Norman's sentencing envisioned that his prior felony convictions would be counted separately because the offenses were not contained in the same charging instrument and the sentences were not imposed on the same day. *See* U.S.S.G. § 4A1.2(a)(2); *United States v. Neff*, 598 F.3d 320, 322 (7th Cir. 2010). A district court must apply the version of the Guidelines in effect at the time of sentencing "in its entirety," unless doing so would violate ex post facto rules. U.S.S.G. § 1B1.11(a). Further, "[i]f the defendant is convicted of two offenses, the first committed before, and the second after, a revised edition of the Guidelines Manual became effective, the revised edition of the Guidelines Manual is to be applied to both offenses." *Id.* § 1B1.11(b)(3) (the "one book rule"); *see United States v. Fletcher*, 763 F.3d 711, 717 (7th Cir. 2014) (no ex post facto problem applying newer, harsher version of child-pornography guidelines to multiple counts that straddled those guidelines' amendment because grouping guidelines and the one-book rule provided adequate notice that all counts would be subject to the new

---

[1] Norman filed a submission with this court on October 6, 2020, but any response under Circuit Rule 51(b) needed to have been filed by July 9, 2020, so we do not address the basis of his submission.

version). The court's application here of the 2018 version posed no ex post facto threat because Norman's commission of the current offense occurred in 2013, well after the 2007 amendment to the Guidelines that redefined how prior offenses would be treated under § 4A1.2(a)(2). *See* U.S.S.G. app. C, vol. III, amend. 709.

Counsel lastly considers whether Norman could challenge any other aspect of his sentence, but rightly concludes that such a challenge would be precluded by the appellate waiver in his plea agreement. In it, Norman waived his right to "appeal or to contest my conviction and all components of my sentence or the manner in which my conviction or my sentence was determined or imposed," reserving the right to appeal only his career-offender designation. Because an appellate waiver "stands or falls with the guilty plea" (and as we noted, Norman does not wish to challenge his guilty plea), we would enforce the waiver here. *See United States v. Gonzalez*, 765 F.3d 732, 741 (7th Cir. 2014).

We GRANT counsel's motion to withdraw and DISMISS the appeal.