In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

No. 20-1690

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ANDREW MCHANEY,

*Defendant-Appellant.*

———————————

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:18-cr-00045-2 — **Elaine E. Bucklo**, *Judge.*

———————————

ARGUED DECEMBER 11, 2020 — DECIDED JUNE 14, 2021

———————————

Before ROVNER, HAMILTON, and SCUDDER, *Circuit Judges.*

ROVNER, *Circuit Judge.* Andrew McHaney is not the first defendant to try to persuade this court that Hobbs Act robbery is not a crime of violence as defined under 18 U.S.C. § 924(c). And despite our growing, unequivocal precedent to the contrary, we suspect he will not be the last, as defendants who are subject to the § 924(c) enhancement face significantly increased sentences. Unless the Supreme Court instructs otherwise, however, these attempts will be in vain. This court has

declared several times that Hobbs Act robbery meets the definition of a crime of violence under 18 U.S.C. § 924(c) and thus is a qualifying predicate crime under the statute. We see no cause to alter that precedent.

## I.

McHaney participated in at least four armed robberies at cellular phone stores around Chicago. Just as he was attempting a fifth, he was arrested. The United States charged him with one count of Hobbs Act conspiracy (18 U.S.C. § 1951(a); Count 1); four counts of Hobbs Act robbery (18 U.S.C. § 1951(a); Counts 2, 4, 6, and 9); one count of attempted Hobbs Act robbery (18 U.S.C. § 1951(a); Count 11); three counts of using, carrying, and brandishing a firearm during and in relation to a crime of violence (18 U.S.C. § 924(c)(1)(A); Counts 5, 7, and 10); one count of using and carrying a firearm during and in relation to a crime of violence (18 U.S.C. § 924(c)(1)(A); Count 12); and one count of possession of a firearm by a felon (18 U.S.C. § 922(g)(1); Count 13).

McHaney moved the district court to dismiss Counts 5,7,10, and 12, each of which allege violations of 18 U.S.C. § 924(c), arguing that Hobbs Act robbery does not qualify as a crime of violence under section 924(c)(3)(A). The district court declined to dismiss the counts. Eventually McHaney entered into a plea agreement and was later sentenced to 177 months in prison. In his plea he reserved his right to appeal the question presented here: whether Hobbs Act robbery is a crime of violence as defined in 18 U.S.C. § 924(c)(3).

## II.

Section § 924(c) of the criminal code establishes minimum penalties for anyone who uses or carries a firearm during a

"crime of violence" or possesses a firearm in furtherance of such a crime. 18 U.S.C. § 924(c)(1)(A). Those penalties increase even more if the gun is brandished (as it was by McHaney in some of the robberies) and more still if discharged. *Id.* But what counts as a crime of violence? The statute defines it as follows:

> **(3)** For purposes of this subsection the term "crime of violence" means an offense that is a felony and—
>
> > **(A)** has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> >
> > **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C.A. § 924(c)(3).

In *United States v. Davis*, 139 S. Ct. 2319 (2019), the Supreme Court held that the (B) clause above, often called the "residual clause," was unconstitutionally vague. *Id.* at 2336. This holding came on the heels of two other Supreme Court cases that found similar language in other such "residual clauses" to be unconstitutionally vague. *See Johnson v. United States*, 576 U.S. 591, 606 (2015) (finding the residual clause of Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), to be unconstitutionally vague); *Sessions v. Dimaya*, 138 S. Ct. 1204, 1223 (2018) (finding unconstitutionally vague the residual clause of the federal criminal code's definition of "crime of violence," 18 U.S.C. § 16(b), as incorporated into the Immigration and Nationality

Act's definition of aggravated felony).[1] Consequently, in our de novo review in this case, we look only to see whether Hobbs Act robbery meets the definition of robbery spelled out in § 924(c)(3)(A)—often referred to as the "force clause." *See United States v. Vesey*, 966 F.3d 694, 696 (7th Cir. 2020) ("We review de novo the question whether a prior conviction qualifies as a crime of violence under the Guidelines.").

The Hobbs Act defines robbery as taking or obtaining property from another "by means of actual or threatened force, violence, or fear of injury, immediate or future, to his person or property." 18 U.S.C. § 1951(a). In *United States v. Anglin* we held that "committing such an act necessarily requires using or threatening force," because putting a person in fear of injury to person or property as described in Hobbs Act robbery "necessarily involve[s] 'the use, attempted use, or threatened use of physical force against the person of another.'" *United States v. Anglin*, 846 F.3d 954, 965 (7th Cir. 2017) (*citing* 18 U.S.C. § 924(c)(3)(A)), *cert. granted, judgment vacated on other grounds*, 138 S. Ct. 126 (2017).

---

[1] In addition to these cases, McHaney might also have been encouraged in his efforts by rulings that have concluded that Hobbs Act robbery is not a crime of violence as that term is defined in the United States Sentencing Guidelines. *See, e.g., Bridges v. United States*, 991 F.3d 793, 800 (7th Cir. 2021). But the sentencing guidelines do not provide an apt comparison. The Guidelines definition of robbery is more narrow than that in the Hobbs Act, requiring a threat of a violence against a person. A defendant can commit Hobbs Act robbery by threatening physical violence against any "person or property." 18 U.S.C. § 1951(a). Thus, under the categorical method of comparing crimes, a person could be convicted of Hobbs Act robbery without meeting the Sentencing Guidelines definition of robbery. *Id.* at 800–01.

Since we issued the decision in *Anglin*, we have held time and again that Hobbs Act robbery qualifies as a crime of violence under the elements clause—(§ 924(c)(3)(A))—because it entails the use or threat of force. *See United States v. Hammond*, 996 F.3d 374, 398 (7th Cir. 2021) ("We squarely decided this issue in *United States v. Anglin* in holding that Hobbs Act robbery is a 'crime of violence' within the meaning of the elements clause of § 924(c)(3)(A)"); *United States v. Brown*, 973 F.3d 667, 697 (7th Cir. 2020), *cert. denied*, 141 S. Ct. 1253 (2021) ("We have squarely rejected this argument" that Hobbs Act robbery is not a crime of violence under § 924(c)(3)(A)); *United States v. Fisher*, 943 F.3d 809, 815 (7th Cir. 2019), *cert. denied*, 140 S. Ct. 2631 (2020) ("[W]e have repeatedly held that a Hobbs Act robbery is a crime of violence within the meaning of § 924(c)(3)(A)."); *Haynes v. United States*, 873 F.3d 954, 955 (7th Cir. 2017) (recognizing in dicta that Hobbs Act robbery is a crime of violence under the elements clause of § 924(c)(3)(A)); *United States v. Rivera*, 847 F.3d 847, 849 (7th Cir.), *cert. denied*, 137 S. Ct. 2228 (2017) ("Because one cannot commit Hobbs Act robbery without using or threatening physical force, we held that Hobbs Act robbery qualified as a predicate crime for a crime-of-violence conviction.").

Every other court of appeals to have considered this agrees with this conclusion. *See United States v. Walker*, 990 F.3d 316, 325 (3d Cir. 2021); *United States v. Dominguez*, 954 F.3d 1251, 1261 (9th Cir. 2020); *Brown v. United States*, 942 F.3d 1069, 1075 (11th Cir. 2019), *cert. denied*, 577 U.S. 1091 (2016); *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir.), *cert. denied sub nom. Uhuru v. United States*, 140 S. Ct. 639, and *cert. denied sub nom. Stokes v. United States*, 140 S. Ct. 640 (2019); *United States v. St. Hubert*, 918 F.3d 1174, 1175 (11th Cir. 2019); *United States v. Bowens*, 907 F.3d 347, 353 (5th Cir. 2018), *cert. denied*,

139 S. Ct. 1299 (2019); *United States v. Garcia-Ortiz*, 904 F.3d 102, 109 (1st Cir. 2018), *cert. denied*, 139 S. Ct. 1208 (2019); *United States v. Hill*, 890 F.3d 51, 56 (2d Cir. 2018), *cert. denied*, 139 S. Ct. 844 (2019); *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1065–66 (10th Cir.), *cert. denied*, 139 S. Ct. 494 (2018); *Diaz v. United States*, 863 F.3d 781, 783 (8th Cir. 2017); *United States v. Gooch*, 850 F.3d 285, 292 (6th Cir. 2017), *cert. denied*, 137 S. Ct. 2230. The Supreme Court has declined to accept certiorari on this issue in any of these cases.

None of McHaney's arguments persuades us that our precedent and those of every other circuit court to have considered the issue are incorrect. Contrary to the defendant's arguments, we have concluded that putting any person in fear in the context of robbery necessarily involves "the use, attempted use, or threatened use of physical force against the person of another." *See Anglin,* 846 F.3d at 965; *United States v. Armour*, 840 F.3d 904, 907 (7th Cir. 2016), *as amended* (June 26, 2017). Given our precedent, we have advised that arguments that Hobbs Act robbery is not a crime of violence are, in fact, "frivolous." *Hammond*, 996 F.3d at 39 (*citing United States v. Fox*, 783 F. App'x 630, 632 (7th Cir. 2019)). Consequently, the opinion of the district court is AFFIRMED.