In the

 United States Court of Appeals
 For the Seventh Circuit
 ____________________
No. 21-2950
UNITED STATES OF AMERICA,
 Plaintiff-Appellee,
 v.

DEJUAN ANDRE WORTHEN,
 Defendant-Appellant.
 ____________________

 Appeal from the United States District Court for the
 Southern District of Indiana, New Albany Division.
 No. 15-cr-6 — Sarah Evans Barker, Judge.
 ____________________

 ARGUED FEBRUARY 8, 2023 — DECIDED MARCH 2, 2023
 ____________________

 Before FLAUM, SCUDDER, and ST. EVE, Circuit Judges.
 SCUDDER, Circuit Judge. Dejuan Worthen asks us to recon-
sider whether Hobbs Act robbery—even more specifically,
aiding and abetting a Hobbs Act robbery—is a crime of vio-
lence for purposes of the sentencing enhancement Congress
included in 18 U.S.C. § 924(c)(3)(A). We conclude that it is and
affirm the district court’s judgment.
2 No. 21-2950

 I

 Worthen, his brother Darryl, and their cousin Darion Har-
ris planned to rob a gun store near North Vernon, Indiana
and, if necessary, shoot the store owner, Scott Maxie, in the
process. During the robbery, Darryl shot and killed Maxie.
Worthen and Harris then loaded a large cache of guns into
Darryl’s car and the trio drove away. The police apprehended
Worthen soon after.

 Federal charges followed. Worthen faced charges of
Hobbs Act robbery, see 18 U.S.C. § 1951(a), and discharge of
a firearm resulting in death, see 18 U.S.C. § 924(j). Because
Darryl directed the robbery and shot and killed Maxie, the
government charged Worthen as an aider and abettor of both
crimes under 18 U.S.C. § 2(a). For the § 924(j) charge, the gov-
ernment needed to show the discharge of a firearm in the
course of a “crime of violence.” Congress defined that term
under the so-called force clause of § 924(c) as a felony offense
that “has as an element the use, attempted use, or threatened
use of physical force against the person or property of an-
other.” 18 U.S.C. § 924(c)(3)(A). The indictment alleged that
the Hobbs Act robbery of Maxie’s gun shop was the qualify-
ing crime of violence.

 Worthen invoked Federal Rule of Criminal Procedure 12
and moved to dismiss the § 924(j) charge on the ground that
Hobbs Act robbery was not a crime of violence within the
meaning of § 924(c)(3)(A). Nowhere in his motion did he men-
tion accessory liability. Relying on our decision in United
States v. Fox, 878 F.3d 574, 579 (7th Cir. 2017), the district court
concluded that Hobbs Act robbery qualified as a crime of vi-
olence and denied Worthen’s motion. Worthen then pled
No. 21-2950 3

guilty to the § 924(j) charge as an aider and abettor and re-
ceived a sentence of 30 years’ imprisonment. In his plea agree-
ment with the government, Worthen preserved his right to
seek review of the district court’s denial of his motion to dis-
miss but otherwise waived his right to appeal.

 On appeal Worthen renews his argument that the princi-
pal offense of Hobbs Act robbery is not a crime of violence.
He also contends—for the first time—that aiding and abetting
a Hobbs Act robbery is not a crime of violence and, separately,
that the force clause of § 924(c) is unconstitutionally vague.

 II

 A

 We begin by observing that the contention Worthen
presses on appeal is not the one he advanced in the district
court. Worthen never mentioned accessory liability in the dis-
trict court. Nor did he say a word about the force clause of
§ 924(c) being unconstitutionally vague. Ordinarily we would
have to decide whether he forfeited the arguments or, given
the terms of his plea agreement, waived them. See United
States v. Flores, 929 F.3d 443, 447 (7th Cir. 2019) (defining
waiver as the intentional relinquishment of a known right and
forfeiture as the inadvertent failure to preserve an argument).
The distinction matters. Forfeited arguments are subject to
plain error review, whereas waived arguments are not re-
viewed at all. See id.; see also Fed. R. Crim. P. 52.

 Here, however, we need not resolve the question. During
oral argument, the government conceded that it had “waived
waiver” by not seeking to enforce the broad appellate waiver
in Worthen’s plea agreement. See United States v. Murphy, 406
4 No. 21-2950

F.3d 857, 860 (7th Cir. 2005). We appreciate the government’s
candor. Our review, then, is only for plain error. We reverse
if Worthen makes the fourfold showing of (1) an error (2) that
is plain, (3) affected his substantial rights, and (4) seriously
affected the fairness, integrity, or the public reputation of the
judicial proceedings. See United States v. Olano, 507 U.S. 725,
732–37 (1993).

 B

 To decide whether Hobbs Act robbery is a “crime of vio-
lence” within the meaning of § 924(c)(3)(A), we apply the cat-
egorical approach. See Taylor v. United States, 495 U.S. 575,
600–02 (1990); see also United States v. Rivera, 847 F.3d 847,
848–49 (7th Cir. 2017). Under that approach, a Hobbs Act rob-
bery qualifies as a crime of violence only if its statutory ele-
ments are the same as or narrower than those in § 924(c). See
Descamps v. United States, 570 U.S. 254, 257 (2013). The proper
inquiry asks whether there is some way to commit a Hobbs
Act robbery without using, attempting to use, or threatening
physical force. If so, then Hobbs Act robbery is not a crime of
violence that could support the § 924(j) charge against
Worthen. That outcome holds true regardless of whether
Worthen’s actual conduct would fit within the parameters of
§ 924(c), as the categorical approach disregards the actual
facts of the defendant’s offense conduct. See id. at 261.

 To his credit, Worthen acknowledges our prior holdings
that Hobbs Act robbery is a crime of violence. See United
States v. McHaney, 1 F.4th 489, 491–92 (7th Cir. 2021) (collect-
ing cases). The same goes for aiding a Hobbs Act robbery. See
United States v. Brown, 973 F.3d 667, 697 (7th Cir. 2020). But he
urges us to revisit our analysis of accessory liability in light of
No. 21-2950 5

the Supreme Court’s recent decision in United States v. Taylor,
142 S. Ct. 2015 (2022). He also contends that any defendant
can commit the principal offense of Hobbs Act robbery by us-
ing threats to property that fall short of force.

 We see things differently. Hobbs Act robbery criminalizes
an unlawful taking “against [the victim’s] will, by means of
actual or threatened force, or violence, or fear of injury, im-
mediate or future, to his person or property, or property in his
custody or possession, or the person or property of a relative
or member of his family or of anyone in his company at the
time of the taking or obtaining.” 18 U.S.C. § 1951(b)(1). We
have determined many times that “committing such an act
necessarily requires using or threatening force” against the
person or property of another. McHaney, 1 F.4th at 491 (quot-
ing United States v. Anglin, 846 F.3d 954, 965 (7th Cir. 2017),
vacated on other grounds, 138 S. Ct. 126 (2017)). We follow the
course here and reiterate that the principal offense of Hobbs
Act robbery qualifies as a crime of violence within the mean-
ing of § 924(c)(3)(A).

 From there the question becomes whether accessory liabil-
ity changes our analysis. Remember that Worthen was not the
triggerman who shot and killed Scott Maxie during the rob-
bery of the gun store. To the contrary, he aided and abetted
the § 924(j) violation, which occurred during the course of the
Hobbs Act robbery of the guns from the store. These facts ex-
plain why Worthen focuses the challenge to his conviction on
whether aiding and abetting a Hobbs Act robbery qualifies as
a crime of violence under § 924(c)(3)(A).

 Section 2 of Title 18 does not create a separate offense—it
instead establishes that someone who aids and abets a federal
6 No. 21-2950

crime has committed the federal crime itself. See 18 U.S.C. § 2
(providing that aiders and abettors are “punishable as a prin-
cipal”). It is “hornbook law” that convicting an aider and abet-
tor first requires showing that the underlying crime (here,
Hobbs Act robbery) “was actually committed.” United States
v. Motley, 940 F.2d 1079, 1081 (7th Cir. 1991) (quoting United
States v. Ruffin, 613 F.2d 408, 412 (2d Cir. 1979)). The govern-
ment must also prove that the aider and abettor took some
“affirmative act” to further the offense, with the intent of fa-
cilitating the commission of the offense. See Rosemond v.
United States, 572 U.S. 65, 71 (2014). Because an aider and abet-
tor does not need to participate in each element of the offense,
a defendant can aid and abet a Hobbs Act robbery without
personally using force—say, for example, by serving as the
getaway driver from a violent robbery. See id. at 72–73. As
Worthen sees it, that means that aiding and abetting a Hobbs
Act robbery does not categorically match the force clause of
§ 924(c)—and therefore that Hobbs Act robbery (because it in-
corporates accessory liability) itself is not a predicate offense.

 The Supreme Court rejected a similar argument in Gonza-
les v. Duenas-Alvarez, 549 U.S. 183 (2007). The issue in Duenas-
Alvarez was whether a particular conviction for theft under
California state law qualified under the categorical approach
as a “theft offense” subjecting an immigrant to removal under
8 U.S.C. § 1227(a)(2)(A). The Ninth Circuit had held that the
California statute did not qualify because it expressly in-
cluded accessories and accomplices to theft. See Duenas-Alva-
rez, 549 U.S. at 187–88. A defendant, the Ninth Circuit rea-
soned, could aid a theft under the California law “without
taking or controlling property,” a necessary element of the
federal definition of “theft offense.” Id. at 188. The Supreme
No. 21-2950 7

Court reversed, concluding that criminal law “uniformly”
treats aiders and abettors and principals as alike. Id. at 190.
This meant that the federal definition of “theft offense” within
the pertinent immigration statute included aiders and abet-
tors along with principal offenders. See id. at 189–90.

 The same reasoning applies here. “[E]very jurisdiction—
all States and the Federal Government—has ‘expressly abro-
gated the distinction’ among principals” and most aiders and
abettors. Id. (quoting 2 Wayne R. LaFave, Substantive Criminal
Law § 13.1(e) (2d ed. 2003)). Consistent with that principle,
aiding and abetting under § 2 is “not a separate federal crime”
from the underlying offense, United States v. Sosa, 777 F.3d
1279, 1292 (11th Cir. 2015), but is instead an alternative theory
of liability for the commission of the principal offense. Put
more directly, “an aider and abettor of a Hobbs Act robbery
necessarily commits all the elements of a principal Hobbs Act
robbery.” In re Colon, 826 F.3d 1301, 1305 (11th Cir. 2016). And
because the principal offense of Hobbs Act robbery satisfies
the force clause of § 924(c), aiding and abetting a Hobbs Act
robbery qualifies as a crime of violence too. See id.

 We are far from alone in reaching this conclusion. Indeed,
by our measure, every other circuit to have considered the is-
sue has agreed that aiding and abetting a crime of violence is
a crime of violence. See, e.g., United States v. García-Ortiz, 904
F.3d 102, 109 (1st Cir. 2018); DeMartino v. United States, No. 20-
1758, 2022 WL 2445435, at *3 (2d Cir. July 6, 2022); United
States v. McKelvey, 773 F. App’x 74, 75 (3d Cir. 2019); United
States v. Ali, 991 F.3d 561, 573–74 (4th Cir. 2021); United States
v. Richardson, 948 F.3d 733, 741–42 (6th Cir. 2020); Young v.
United States, 22 F.4th 1115, 1122–23 (9th Cir. 2022); United
States v. Deiter, 890 F.3d 1203, 1214–16 (10th Cir. 2018);
8 No. 21-2950

Alvarado-Linares v. United States, 44 F.4th 1334, 1348 (11th Cir.
2022) (citing Colon, 826 F.3d at 1305).

 C

 Worthen urges a different conclusion by pointing us away
from Duenas-Alvarez and instead to United States v. Taylor, 142
S. Ct. 2015 (2022). No doubt Taylor is a more recent decision
than Duenas-Alvarez. But we see no tension between the two
decisions.

 Taylor held that attempted Hobbs Act robbery is not a
crime of violence. See id. at 2021. The Court reasoned that the
crime of attempt requires only that a defendant who intends
to commit a Hobbs Act robbery take a “‘substantial step’ to-
ward that end.” Id. at 2020 (citation omitted). And a “substan-
tial step” does not necessarily require using, attempting to
use, or threatening force. See id. Worthen latches on to this
conclusion and reads Taylor as overruling Duenas-Alvarez and
thereby limiting crimes of violence to those requiring proof
that the defendant himself used force.

 But Taylor left Duenas-Alvarez undisturbed. See id. at 2024–
25 (distinguishing Duenas-Alvarez without overruling it). Tay-
lor hinged on the fact that attempt is a separate crime from the
underlying offense, with the distinct element of a “substantial
step.” See id. at 2020; see also Ali, 991 F.3d at 574 & n.5 (un-
derscoring that the crime of attempt adds a new element that
allows the government to secure a conviction without show-
ing any violence). A defendant could take that substantial
step—completing the crime of attempt—without also com-
mitting all the elements of Hobbs Act robbery. Not so with
accessory liability. If a defendant aids a completed Hobbs Act
robbery, the law deems him to have committed every element
No. 21-2950 9

of Hobbs Act robbery—including the element of using or
threatening force. That is what it means to say that the law
does not distinguish between primary violators and aiders
and abettors. See Duenas-Alvarez, 549 U.S. at 189–90 (citing 2
LaFave, § 13.1(e)).

 Worthen’s reliance on Taylor runs into another problem.
Assume that Worthen has the law right: aiding and abetting
is not a crime of violence. If he is correct, any offense charged
and committed under an aiding and abetting theory could not
qualify as a crime of violence. That poses a problem because
every jurisdiction, as we have explained, has eliminated the
distinction between aiding and abetting liability and principal
liability. See id. Under Worthen’s approach, then, no offense
would qualify as a crime of violence. A defendant could al-
ways argue that the offense includes aiding and abetting lia-
bility but that aiding and abetting liability does not qualify as
a crime of violence under § 924(c) because the defendant can
aid and abet without engaging in any use of force. There is no
indication that Taylor intended the categorical approach to ap-
ply to aiding and abetting liability in that way. See United
States v. Cammorto, 859 F.3d 311, 316 (4th Cir. 2017) (rejecting
a similar challenge as “untenable” because it would preclude
any categorical match).

 Worthen tells us that to the extent there is any ambiguity
in how Taylor applies, we should read aiding and abetting li-
ability in harmony with the crime of attempt under the canon
of in pari materia. That canon provides that “different acts
which address the same subject matter, which is to say are in
pari materia, should be read together such that the ambiguities
in one may be resolved by reference to the other.” Firstar Bank,
N.A. v. Faul, 253 F.3d 982, 990 (7th Cir. 2001).
10 No. 21-2950

 The canon has no application here. Worthen cannot iden-
tify any ambiguities in the crime of aiding and abetting that
could be resolved by reference to the crime of attempt. To the
contrary, our analysis of accessory liability clearly follows
from the text of 18 U.S.C. § 2 itself, as well as the universal
principle, emphasized by the Supreme Court in Duenas-Alva-
rez, that criminal law treats principals and aiders and abettors
alike. See 549 U.S. at 190.

 D

 One last issue warrants our attention. Worthen sees the
force clause of § 924(c) as unconstitutionally vague because
“it fails to give ordinary people fair notice of the conduct it
punishes,” and is “so standardless that it invites arbitrary en-
forcement.” See Johnson v. United States, 576 U.S. 591, 595
(2015). In particular, he focuses on the fact that § 924(c) leaves
the term “physical force” undefined.

 Worthen has not identified any plain error. There is no
hint in our case law that the term “physical force” presents a
constitutional problem. Nor are we aware of anything from
the Supreme Court or any other circuit suggesting that the
force clause is unconstitutionally vague. What Worthen ob-
jects to is run-of-the-mill statutory interpretation, which “lies
at the heart of the judicial function.” Bob Evans Farms, Inc. v.
NLRB, 163 F.3d 1012, 1017 (7th Cir. 1998). Indeed, the Su-
preme Court has said that the “clear” meaning of physical
force is “violent force—that is, force capable of causing physi-
cal pain or injury to another person.” Johnson v. United States,
559 U.S. 133, 140 (2010) (analyzing the term in 18 U.S.C.
§ 924(e)(2)(B)(i)). We have applied that standard many times
over without difficulty. See, e.g., United States v. Duncan, 833
No. 21-2950 11

F.3d 751, 754 (7th Cir. 2016) (“While mere touching is not
enough to show physical force, the threshold is not a high one;
a slap in the face will suffice.”).

 For these reasons, we AFFIRM.