In the

# United States Court of Appeals

## For the Seventh Circuit

No. 22-2665

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

RICKEY CLAYBRON,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Western Division.
No. 3:16-cr-50030-1 — **Iain D. Johnston**, *Judge.*

ARGUED NOVEMBER 28, 2023 — DECIDED DECEMBER 19, 2023

Before EASTERBROOK, HAMILTON, and BRENNAN, *Circuit Judges*.

BRENNAN, *Circuit Judge*. At sentencing, Rickey Claybron's criminal history category included two "status points" for committing Hobbs Act robberies while on parole for a previous crime. Months later, the United States Sentencing Commission proposed and enacted a retroactive amendment, changing how status points are applied. Had that amendment been in effect at his sentencing, Claybron's criminal history

score would have been one point lower, enough to lower his criminal history category and resulting Guidelines range.

Claybron appeals and seeks (1) a remand to reconsider the sentence imposed for his Hobbs Act robbery convictions, and (2) reversal of his firearm-related convictions under 18 U.S.C. § 924(c). We affirm Claybron's firearm-related convictions and sentences. But because of the post-sentencing, retroactive change to the Guidelines, we order the remand Claybron requests.

**I**

Rickey Claybron committed several violent robberies over a three-week period in October and November 2015. During these robberies, he and his co-conspirators brandished firearms, assaulted civilians, and shot a store clerk. A grand jury indicted Claybron on nine counts: one for conspiracy to commit Hobbs Act robbery, three for Hobbs Act robbery, one for attempted Hobbs Act robbery, and four firearm-related counts in connection with the robbery counts. A jury convicted him on all counts in January 2022.

The government moved to continue Claybron's sentencing hearing while the Supreme Court considered whether attempted Hobbs Act robbery constituted a crime of violence in *United States v. Taylor*, 142 S. Ct. 2015 (2022). The district court granted the unopposed motion.

Following the holding in *Taylor* that attempted Hobbs Act robbery was not a crime of violence, *id.* at 2020, the district court reset Claybron's sentencing and ordered an amended presentence report. The revised PSR calculated Claybron's total offense level at 30 for the robbery counts. Claybron was assigned a criminal history score of 13: an initial score of 11,

plus two status points for committing the instant offenses while under a criminal justice sentence. The two status points were assigned pursuant to § 4A1.1(d) of the then-applicable 2021 Sentencing Guidelines. This score placed him in criminal history category VI. With a total offense level of 30 and a criminal history category of VI, Claybron's Guidelines range for the Hobbs Act robbery counts was 168 to 210 months' imprisonment. On the remaining three firearm-related counts, the Guidelines ranges were 84 months' imprisonment, 120 months' imprisonment, and 120 months' imprisonment, respectively, to be served consecutively to the sentence imposed on the Hobbs Act robbery counts.[1]

At sentencing in September 2022, neither party objected to the PSR's statement of facts or its Guidelines calculations, and the district court adopted the PSR in full. Considering the factors under 18 U.S.C. § 3553(a), the court determined that a sentence at the bottom of the Guidelines range was appropriate. Claybron was sentenced to 168 months' imprisonment on the Hobbs Act robbery counts, to run consecutive to the statutory minimum sentences on the firearm-related counts, for a total of 41 years' imprisonment, with three years of supervised release. The district court did not state that it would impose the same sentence regardless of the applicable Guidelines range

---

[1] Claybron's attempted Hobbs Act robbery charge in Count Six was the crime of violence underpinning one of the four firearm-related counts, Count Seven. After *Taylor*, 142 S. Ct. at 2020, *attempted* Hobbs Act robbery does not constitute a crime of violence. So, Claybron's Guidelines range required recalculation. The government dismissed Count Seven and incorporated its elements as an enhancement to Count Six pursuant to § 2B3.1(b)(2)(B) of the 2021 Guidelines.

or regardless of any error in calculating that range.[2] Claybron timely appealed.

In April 2023—after Claybron's sentencing and after he filed his appeal—the Sentencing Commission submitted amendments to the Guidelines for Congressional approval, two of which are relevant here. First, the Commission amended Guidelines § 4A1.1(d). U.S. SENT'G GUIDELINES MANUAL AMEND. 821 (U.S. SENT'G COMM'N 2023). Pursuant to Amendment 821, district courts could no longer add two additional criminal history points when the offense of conviction was committed by the defendant while under any criminal justice sentence. *Id.* Instead, a defendant would receive only one additional point "if the defendant (1) receives 7 or more points … and (2) committed the instant offense while under any criminal justice sentence … including … parole." *Id.*

Second, the Commission proposed Amendment 825 to make Amendment 821 retroactive. *Id.* at AMEND. 825. Amendment 825 instructs that courts "shall not order a reduced term of imprisonment based on … Amendment 821 unless the effective date of the court's order is February 1, 2024, or later." *Id.* The accompanying application note "does not preclude the court from conducting sentence reduction proceedings and entering orders under 18 U.S.C. § 3582(c)(2) and this policy

---

[2] *See United States v. Caraway*, 74 F.4th 466, 468 (7th Cir. 2023) (noting the "inoculating" effect on appellate review of sentencing decisions where district court provides a detailed, unambiguous statement that the same sentence would apply regardless of the applicable Guidelines range or any error); *United States v. Tate*, 822 F.3d 370, 377 (7th Cir. 2016).

statement before February 1, 2024" so long as they do not have an effective date of February 1, 2024, or later. *Id.*

Congress did not modify or change the amendments, so both went into effect on November 1, 2023. *Id.* at §§ 1B1.10 (d)–(e), 4A1.1(e).[3]

## II

Claybron makes two sentencing-related arguments on appeal. First, he asks us to reverse his firearm-related convictions, contending that Hobbs Act robbery does not qualify as a predicate crime of violence under 18 U.S.C. § 924(c). Second, he asks us to order a remand for resentencing on the Hobbs Act robbery counts because of these recent, retroactive Guidelines amendments.

We review de novo whether a prior conviction qualifies as a crime of violence. *United States v. McHaney*, 1 F.4th 489, 491 (7th Cir. 2021). Generally, where a defendant fails to raise an argument before the district court, we review the district court's decision for plain error. *United States v. Harris*, 51 F.4th 705, 711 (7th Cir. 2022). "To succeed under plain-error review, the defendant[] must show that (1) the error complained of actually occurred; (2) the error was clear or obvious; (3) the error affected [his] substantial rights …; and (4) the error seriously impugned the judicial proceeding's fairness, integrity, or public reputation." *Id.* at 711–12 (internal marks omitted).

We can dispatch Claybron's first argument swiftly: Hobbs Act robbery constitutes a crime of violence under § 924(c). *United States v. Worthen*, 60 F.4th 1066, 1069 (7th Cir. 2023);

---

[3] Amendment 821 moves the new instructions regarding status points to subsection (e) in § 4A1.1.

*McHaney*, 1 F.4th at 490 (7th Cir. 2021); *United States v. Rivera*, 847 F.3d 847, 849 (7th Cir. 2017); *United States v. Anglin*, 846 F.3d 954, 965 (7th Cir. 2017). Claybron offers no convincing arguments to the contrary, so we affirm his § 924(c) convictions.

As to his second argument, applying the retroactive and effective Amendment 821, Claybron's criminal history score would have been twelve points, not thirteen, reducing his criminal history category on the robbery counts from VI to V. A total offense level of 30 and a criminal history category of V yields a Guidelines range of 151 to 188 months' imprisonment, which is lower than the applied range of 168 to 210 months' imprisonment. Because Amendment 821's application reduces his Guidelines range, and the Amendment is retroactive, Claybron urges us to remand the Hobbs Act robbery counts for the district court's reconsideration, using 28 U.S.C. § 2106 as our vehicle. The government disagrees.

Claybron persuades us that remand is appropriate. Title 28 U.S.C. § 2106 states:

> The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment … of a court lawfully brought before it for review and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances.

This statute authorizes limited or general remands for resentencing. *United States v. Adams*, 746 F.3d 734, 744 & n.4 (7th Cir. 2014) *(*citing *United States v. Young*, 66 F.3d 830, 835 (7th

Cir. 1995)). This court has remanded cases for limited resentencing under this authority. *See United States v. Taylor*, 628 F.3d 420, 425 (7th Cir. 2010) (granting limited remand for the district court to exercise its discretion as to the consecutive or concurrent treatment of defendant's sentences where district court improperly treated U.S.S.G. § 7B1.3(f) as mandating consecutive sentences). Section 2106 has also been used to order remand when the district court committed no error, albeit in a civil proceeding. *See Bell v. McAdory*, 820 F.3d 880, 884 (7th Cir. 2016) (remanding 42 U.S.C. § 1983 case to district court with instructions to treat pro se motion as a request for an extension of time to appeal under FED. R. APP. P. 4(a)(5) instead of a FED. R. CIV. P. 60 Motion for Relief from Judgment).

Indeed, in similar circumstances this court has advised that a remand would be appropriate. *United States v. Alexander*, 553 F.3d 591 (7th Cir. 2009). There, the district court sentenced Alexander as a career offender at the bottom of a Guidelines range of 151 to 189 months' imprisonment. *Id.* Guidelines Amendment 709—requiring district courts to count prior sentences separately unless imposed on the same day for purposes of criminal history calculations—was pending at the time of sentencing. *Id.* If Amendment 709 had been effective at sentencing, the applicable Guidelines range would have been substantially lower: 63 to 78 months' imprisonment. *Id.* Alexander argued that "since [Amendment 709] was pending when he was sentenced, the judge should have considered it in deciding what sentence to impose," requiring remand for resentencing. *Id.* at 592.

Rejecting the opportunity to remand, this court recognized that agreement with Alexander would "require that, in preparation for sentencing, the judge canvass all the possible

sources of information or opinion or insight or advice that might influence him in deciding how severe a sentence to impose." *Id.* Moreover, his position would entitle a defendant to resentencing whenever "his lawyer discovered a source of enlightenment that the judge had somehow overlooked." *Id.*

However, two scenarios might change the calculus. First, "[w]e would have a different case if the Sentencing Commission had, as it could have done but did not do, made the amendment retroactive." *Id.* "Then, unless it was apparent from the sentencing hearing that the judge would have imposed the same sentence even if the amendment had been in force, we would remand the case for the judge to decide whether to impose a different sentence in light of the new amendment." *Id.* Second, Alexander's case would have been "slightly more appealing" had he "been sentenced before Amendment 709 [was] proposed." *Id.* at 593 (citing *United States v. Godin*, 522 F.3d 133 (1st Cir. 2008) (per curiam).

Both scenarios apply to Claybron. The Commission made Amendment 821 retroactive through Amendment 825. The district court sentenced him before Amendment 821 was proposed. Both amendments are now effective. And nothing in the record indicates the district court would have imposed the same 168-month sentence regardless of the applicable Guidelines range. Given the lower Guidelines range for the robbery counts if Amendment 821 had been in effect at sentencing, and our discretionary authority under 28 U.S.C. § 2106, remand for resentencing is proper here.

The government argues we should decline to exercise our discretion under § 2106 and, instead, wait for Claybron to file a motion under 18 U.S.C. § 3582. That statute provides that a defendant can seek a reduction of a previously-imposed

sentence when the Commission later lowers the applicable Guidelines range. *See* 18 U.S.C. § 3582(c)(2). This statute, the government submits, provides the appropriate vehicle for the relief Claybron seeks. To the government, a remand under § 2106 requires us to rule that the district court plainly erred in imposing sentence, which would entitle Claybron to a full resentencing on the robbery counts.

The district court did not plainly err. A sentencing court should ordinarily calculate the Guidelines range under the Guidelines "in effect on the date the defendant is sentenced." 18 U.S.C. § 3553(a)(4)(A)(ii); *see also* U.S.S.G. § 1B1.11(a) (U.S. SENT'G COMM'N 2021) ("The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced"); *United States v. Tanner*, 544 F.3d 793, 795 (7th Cir. 2008) (noting the command of 18 U.S.C. § 3553(a)(4)(A)(ii) and U.S.S.G. § 1B1.11(a)). The complained-of error did not actually occur. The district court sentenced Claybron more than six months before the Commission proposed Amendment 821. Even if the Commission had proposed Amendment 821 before Claybron's sentencing, federal statutes and the Guidelines require the district court to consider only those Guidelines in effect on the date of sentencing. Moreover, the failure to apply Amendment 821 did not affect Claybron's substantial rights or impugn the fairness, integrity, or public reputation of his sentencing, because federal law foreclosed its application.

We agree that § 3582(c)(2) is available to Claybron as a path for him to seek relief. But here, we see no difference between that statute and § 2106. Amendment 821 is retroactive, and the district court did not state it would have imposed the same sentence regardless of the applicable Guidelines range. So, the same relief would be available to Claybron on either

statutory path. And there is no reason why remand under § 2106 is unjust or imprudent, particularly where it promotes judicial economy.

Additionally, § 2106 gives this court discretion to remand a cause and "require such further proceedings to be had as may be just under the circumstances." Remand under that statute is not limited to when the district court errs or when a full resentencing is needed. Again, the district court did not plainly err. We hold that the post-sentencing proposal and enactment of retroactive Amendment 821 warrants a § 2106 remand and limited resentencing on Claybron's Hobbs Act robbery convictions.

On remand, the district court can reassess Claybron's sentence considering the Amendment's effect on his Guidelines range and the 18 U.S.C. § 3553(a) factors. Because "we have no way of knowing … whether a different guideline range would have prompted the district court to weigh the [18 U.S.C.] § 3553 factors differently … the district court *may*, if it believes it appropriate, allow new arguments and a new hearing on the § 3553 factors." *Adams*, 746 F.3d at 745 (emphasis in original).

## III

For these reasons, we AFFIRM Claybron's convictions and sentences under 18 U.S.C. § 924(c). We VACATE the sentence imposed on his convictions for the Hobbs Act robbery counts only, and REMAND for resentencing in light of Amendments 821 and 825.