**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2078
_____

UNITED STATES OF AMERICA

v.

SAMUEL JOSE REYNOSO-ACOSTA,
                                        Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2:23-cr-00045-001)
District Judge: Honorable Gene E.K. Pratter

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
on October 24, 2024

Before: BIBAS, PORTER, and MONTGOMERY-REEVES, <u>Circuit Judges</u>

(Opinion filed:   November 20, 2024)

_____

_____

OPINION[*]

_____

PER CURIAM

Samuel Reynoso-Acosta appeals pro se from the District Court's May 13, 2024, order denying his motions for relief under 18 U.S.C. § 3582(c). The Government has timely moved to summarily affirm. For the reasons that follow, we grant the Government's motion and will summarily affirm the District Court's judgment.

I.

Reynoso-Acosta is a citizen of the Dominican Republic. In 2016, he was removed from the United States after being convicted of a felony. He later reentered the United States without permission and was charged with reentering after deportation in violation of 8 U.S.C. § 1326. He subsequently agreed to plead guilty to that charge. At sentencing, it was determined that his total offense level was 11 and that his criminal history category was V. His total offense level included a two-level downward departure under U.S.S.G. § 5K3.1. That resulted in an advisory Sentencing Guidelines range of 24 to 30 months in prison. The District Court imposed a 30-month prison sentence, to be followed by one year of supervised release.

Thereafter, Reynoso-Acosta filed pro se motions that, liberally construed, sought (1) a reduction in his sentence pursuant to § 3582(c)(2), and (2) compassionate release

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

pursuant to § 3582(c)(1)(A). His § 3582(c)(2) motion sought relief based on Guidelines Amendment 821, which "amended [U.S.S.G.] § 4A1.1(d) . . . [so that] district courts could no longer add two additional criminal history points when the offense of conviction was committed by the defendant while under any criminal justice sentence." *United States v. Claybron*, 88 F.4th 1226, 1228 (7th Cir. 2023).[1] Meanwhile, his compassionate-release motion, as clarified in his reply in support thereof, argued that he did not receive a two-level downward departure under U.S.S.G. § 5K3.1.

The Government opposed both motions. On May 13, 2024, the District Court denied them in a single order, concluding that Reynoso-Acosta was not eligible for a sentence reduction under § 3582(c)(2) and that he "has not identified any 'extraordinary and compelling reasons'" for compassionate release. Dist. Ct. Dkt. No. 27, at 4. This appeal followed.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. "We review de novo a district court's determination that a defendant is ineligible for relief under 18 U.S.C. § 3582(c)(2)." *United States v. Rivera-Cruz*, 904 F.3d 324, 327 (3d Cir. 2018). And we review a district court's denial of compassionate release for abuse of discretion. *See United States v. Andrews*, 12 F.4th 255, 259 (3d Cir. 2021). We may take summary action if this appeal fails to present a substantial question. *See* 3d Cir. I.O.P. 10.6.

---

[1] Now, "a defendant would receive only one additional point 'if the defendant (1) receives 7 or more points . . . and (2) committed the instant offense while under any criminal justice sentence.'" *Claybron*, 88 F.4th at 1228 (quoting Amendment 821).

We see no reason to disturb the District Court's decision. As the District Court explained, "Reynoso-Acosta is not eligible for a sentence reduction under [§] 3582(c)(2) because he never received two additional criminal history points pursuant to Section 4A1.1(d)." Dist. Ct. Dkt. No. 27, at 4. And we agree with the District Court that he did not identify any "extraordinary and compelling reasons" that would justify compassionate release. *See United States v. Stewart*, 86 F.4th 532, 533 (3d Cir. 2023) (explaining that "district courts may reduce a term of imprisonment [under § 3582(c)(1)(A)] when warranted by 'extraordinary and compelling reasons'").[2] Contrary to his contention, he *did* receive a two-level downward departure under U.S.S.G. § 5K3.1.[3]

Because this appeal does not present a substantial question, we will summarily affirm the District Court's judgment.

---

[2] To the extent that Reynoso-Acosta's compassionate-release motion intended to rely on U.S.S.G. § 1B1.13(b)(6), that Guidelines provision does not help him, for it applies only to "a defendant [who] received an unusually long sentence and has served at least 10 years of [his] term of imprisonment." U.S.S.G. § 1B1.13(b)(6).

[3] As the Government states in its motion for summary affirmance, "[t]he fact that the [District] [C]ourt chose an upper-end final sentence of 30 months does not . . . mean the [two-level downward] departure was not awarded." 3d Cir. Dkt. No. 10, at 3–4.