In the

# United States Court of Appeals
## For the Seventh Circuit

No. 23-1143

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

CHRISTOPHER EASTERLING,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Southern District of Illinois.
No. 3:20-cr-30032 — **Nancy J. Rosenstengel**, *Chief Judge.*

ARGUED SEPTEMBER 13, 2024 — DECIDED FEBRUARY 3, 2025

Before EASTERBROOK, JACKSON-AKIWUMI, and KOLAR, *Circuit Judges.*

JACKSON-AKIWUMI, *Circuit Judge.* Christopher Easterling appeals his sentence for attempted robbery and possessing a firearm after sustaining a felony conviction. The United States Sentencing Guidelines in effect at the time of his sentencing assigned him two criminal history points for committing the offenses while on parole. But a retroactive amendment to the Guidelines no longer includes those so-called status points

and, without them, Easterling would have a lower recommended sentencing range. We therefore remand for resentencing.

## I

On September 15, 2019, Easterling attempted to rob a Walgreens store. He walked up to the counter, pulled out a firearm, and told the cashier, "[L]et's get this going, babe." The cashier fled and Easterling walked behind the counter to the cash register but did not take anything. He was apprehended and charged with three offenses: (1) interference with commerce by robbery in violation of 18 U.S.C. § 1951 (Hobbs Act robbery); (2) carrying and using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and (3) possessing a firearm after having been previously convicted of a felony in violation of 18 U.S.C. § 922(g)(1).

Easterling pleaded guilty to all three counts. The Sentencing Guidelines at the time assigned him a total offense level of 21 and a criminal history category of IV, which yielded an advisory range of 57 to 71 months in prison for Counts 1 and 3. For Count 2, the district court was statutorily required to impose a sentence of at least 84 months' imprisonment, to run consecutively to the sentence for Counts 1 and 3. *See* 18 U.S.C. § 924(a)(4), (c)(1)(ii). Added together, Easterling's advisory guidelines range totaled 141 to 155 months in prison.

At the sentencing hearing on June 8, 2021, the district court imposed a sentence above the guidelines range. The court sentenced Easterling to 239 months in prison, composed of 155 months for Count 1, 120 months for Count 3 to run concurrently with the sentence for Count 1, and the consecutive 84 months for Count 2. That amounted to a sentence 54%

higher than the high end of the range recommended by the Guidelines and just one month shy of the 240-month statutory maximum sentence for Hobbs Act robbery. *See* 18 U.S.C. § 1951(a). The court stated that Easterling's conduct called for a "significant sentence," as did his "persistent and repeated history of violence" and the need to protect the public.

Easterling appealed the sentence. Before we could decide his appeal, the Supreme Court held that an attempted Hobbs Act robbery is not a "crime of violence" under 18 U.S.C. § 924. *United States v. Taylor*, 596 U.S. 845, 860 (2022). The ruling invalidated Easterling's conviction for possessing a firearm during the attempted robbery, which was Count 2 of the indictment. Consequently, we vacated the judgment and remanded his case to the district court for resentencing. *See United States v. Easterling*, No. 21-2097, 2022 WL 2688265, at *1 (7th Cir. July 8, 2022).

At the resentencing hearing on January 17, 2023, the district court calculated a new advisory guidelines range of 84 to 105 months, down from 141 to 155 months at his original sentencing. Despite the reduction in the guidelines range, the court once again sentenced Easterling to 239 months in prison: this time, 239 months on Count 1 and 120 months on Count 3, to be served concurrently. The court reasoned that "nothing had changed" in terms of Easterling's history or the nature and characteristics of the offense. The need to protect the public was "still great," the court remarked, and the robbery had "caused extreme harm to th[e] victim." The resulting sentence was 137% higher than the high end of the range recommended by the Guidelines.

Easterling appealed again. And, once again, the law changed before we could issue a ruling. This time the United

States Sentencing Commission proposed Amendment 821 to the Sentencing Guidelines, which removed the imposition of two criminal history points for an offense committed while under a criminal justice sentence. *See* U.S. Sent'g Guidelines Manual Amend. 821 (U.S. Sent'g Comm'n 2023). The Commission also proposed Amendment 825, which made Amendment 821 retroactive. *See id.* at Amend. 825. Congress allowed both amendments to take effect on November 1, 2023.

The parties agree that, if the district court finds the amendments apply to Easterling, his guidelines range would be significantly lower. Previously, Easterling received two criminal history points for committing the offense while on parole for a prior conviction, which pushed him into a criminal history category of IV. Without those two points, he has a criminal history category of III and a new advisory guidelines range of 70 to 87 months. *See* U.S. Sent'g Guidelines Manual ch. 5, pt. A. This means Easterling's current 239-month sentence is 175% higher than the high end of the range now recommended by the Guidelines.

Given the November 2023 amendments, Easterling filed with the district court a motion for sentence reduction pursuant to 18 U.S.C § 3582(c)(2). The statute allows district courts to reduce a defendant's prison sentence if the Sentencing Commission has lowered the guidelines range. In this case, the district court concluded that it lacked jurisdiction to entertain the motion because Easterling's sentence was already on appeal.

As a result, Easterling now raises two issues on appeal: (1) whether the district court should resentence him in light of the updated Guidelines, and (2) whether his sentence was substantively unreasonable. He answers yes to both

questions. We agree on the first question and therefore need not reach the second.

## II

Appellate courts have the authority to issue remands when "just under the circumstances." 28 U.S.C. § 2106. As we reasoned in *United States v. Claybron*, 88 F.4th 1226, 1230 (7th Cir. 2023), it is presumptively in the interest of justice to remand pursuant to 28 U.S.C. § 1206 when the district court had no opportunity to consider a retroactive amendment to the Sentencing Guidelines that reduces a defendant's recommended sentence. That is the case here.

The government argues that we should not remand for resentencing because, in its view, the record makes clear the district court would impose the same sentence. Typically, if the district court makes an error in calculating the guidelines range, we will remand for resentencing unless it is "apparent from the sentencing hearing that the judge would have imposed the same sentence even if the amendment had been in force." *Id.* We require an "unambiguous" statement by the judge to that effect, *United States v. Caraway*, 74 F.4th 466, 468 (7th Cir. 2023), and we must be able "to determine from the judge's explanation why the disputed issue would not have mattered." *United States v. Baker*, 56 F.4th 1128, 1132 (7th Cir. 2023). But this typical practice is a poor fit for this case. The Guidelines amendments at issue had not even been proposed when the district court sentenced Easterling, so the court was unable to address the disputed issue and unable to explain if it would have imposed the same sentence regardless. Under these circumstances, we cannot accept the government's

hypothesis that the district court would impose the same sentence on remand.

The government resists this conclusion. It does so by focusing on what it argues are affirmative statements by the district court that it would impose the same sentence on remand. The government points to a box the district judge checked on the judgment's Statement of Reasons form that says: "In the event the guideline determination(s) made in this case are found to be incorrect, the court would impose a sentence identical to that imposed in this case." Putting aside the fact that the district court could not grapple with a Guidelines amendment that did not exist yet, this checked box is insufficient to prevent remand. We have previously held that "a bare, boilerplate assertion—'a conclusory comment tossed in for good measure'—will not ordinarily suffice to hold a Guidelines error harmless." *United States v. Ingram*, 40 F.4th 791, 796 (7th Cir.), *cert. denied*, 143 S. Ct. 341 (2022) (quoting *United States v. Asbury*, 27 F.4th 576, 581 (7th Cir. 2022)). The checked box is just the type of bare, boilerplate assertion we disapproved of in *Ingram*, and it does not insulate this case from remand.

In addition to the checked box, the government argues that the district court's reasoning at Easterling's prior sentencings strongly suggests that it would impose the same sentence again. The government notes the district court already chose the same sentence again once, and the court grounded its decision on Easterling's criminal history and characteristics and on the nature and circumstances of the offense, none of which have changed. But our circuit law requires more. We require a district court to assure us that it would impose the same sentence again by specifically addressing the contested

issue. *See Asbury*, 27 F.4th at 581. Here, the court was unable to do so. We will not presume that a district court is so intransient that nothing the Commission does and no possible change to the Guidelines could sway its prior decision.

Accordingly, we remand for resentencing in light of the amended Guidelines. Because this resolves the appeal, we do not consider whether Easterling's sentence is substantively reasonable.

REMANDED.